**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------
M.K. and S.H. on behalf of minor K.H.

                Plaintiffs,

- against -

New York City Department of Education,

                Defendant.
----------------------------------------------------------------

**COMPLAINT**

ECF

Case No.: 1:24-cv-04900

Hon.:

Plaintiffs M.K. and S.H. individually and on behalf M.G. their special needs child K.H. ("Klaire" or "child") for their complaint against defendant New York City Department of Education ("DOE") by their attorney Kimberly C. Tavares, allege as follows:

PRELIMINARY STATEMENT

1. This Individuals with Disabilities Education Act ("IDEA") action concerns the wrongful dismissal of the Plaintiff's appeal of an IHO decision issued on October 31, 2023 for failure to file timely. The underlying action concerns whether the DOE denied Klaire H. , a child with a disability, a free appropriate public education ("FAPE") for the 2022-2023 school year. The IHO denied the parent's claim for tuition funding for the 2022-2023 school year based on a determination that the private school was not an appropriate placement for the student. The Parent appealed and the SRO wrongly dismissed the parent's case for failure to file timely while completely ignoring the parent's attorneys good faith reason for the delay and the DOE's agreement to accept the appeal. Because the SRO's decision to dismiss the case for failure to file

timely is not supported by the existing record, this Court should reverse that decision and remand the appeal to the SRO for review.

## JURISDICTION AND VENUE

2. This court has jurisdiction under 20 U.S.C. §1415(i)(2), pursuant to which a party aggrieved by the finding and decision of an impartial due process hearing may bring a civil action in a district court. The Court also has federal question jurisdiction under 28 U.S.C. §1337.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) because the DOE resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

4. Klaire H. is a child with a disability as that that term is defined by 20 U.S.C. §1401(3). At all relevant times, she has been domiciled in New York County.

5. Plaintiff, M.K. is the mother of Klaire H. At all relevant times, she resided in, and continues to reside in New York County.

6. Plaintiff, S.H., is the father of Klaire H and at all relevant times has resided in and continues to reside in New York County.

7. Initials are used throughout this complaint to preserve the child's confidentiality, pursuant to the IDEA's privacy provision, 20 U.S.C. §1417 (c ) and the Family Educational Rights Privacy Act, 20 U.S.C. §1232g/

8. The DOE is a municipal corporation created pursuant to Article 52-A of the New York State Education Law, N.Y. Educ. L. §§2590, et. seq.

9. The DOE is the "local educational agency" as defined by 14 U.S.C. §1401(19) and 34 C.F.R. §300.28 responsible for providing Klaire H. with a FAPE.

10. New York State and the DOE have established policies and procedures, both written and informal, concerning the implementation of the IDEA. DOE receives funding pursuant to the IDEA, 20 U.S.C. §1412, and therefore must comply with the statute's provisions.

11. Pursuant to IDEA, its implementing regulations and the applicable Part 200 Regulations implemented by New York State ( to the extent such regulations are not inconsistent with IDEA), the DOE is responsible for providing a FAPE to all students with disabilities who reside in DOE's district. Plaintiff's reside in DOE's school district.

FACTS

I. Background

12. Klaire H. while a gifted and talented child, has a long-standing history of significant emotional dysregulation which has interfered with her ability to attend school. Throughout the 2020-2021 school year, Klaire H. faced significant challenges, including four hospitalizations for two suicide attempts, one suicide threat, and emotional dysregulation.

13. On March 16, 2021, K.H. allegedly became the victim of sexual assault at Mark Twain. The alleged perpetrator reportedly warned her against informing her parents or teachers, resulting in her parents only learning of the assault when contacted by the New York City Police Department in the Spring of 2021. Following the incident, K.H. was admitted to Casa Pacifica at their Casa Residential Treatment Program. Upon release, she was referred to a Partial Hospitalization Program at Trinitas Medical Center . Throughout her hospitalizations, K.H. did

not attend school in person and the parent was having a difficult time getting her focus on online classes.

14. On May 5, 2021, the police informed K.H.'s parents that the school was uncomfortable having her on the premises due to the open sexual assault case. Subsequently, K.H. experienced further deterioration and engaged in unsafe behaviors with extreme emotional dysregulation.

15. K.H. has been diagnosed with Borderline Personality Disorder, Major Depressive Disorder, Recurrent, Unspecified, Oppositional Defiant Disorder, and a personal history of self-harm and suicidal ideation. The final diagnoses from a hospitalization included Disruptive Mood Dysregulation Disorder and ADHD .

16. From September 20, 2021, to June 19, 2022, K.H. was placed at Asheville but was involuntarily discharged due to a lack of responsiveness to interventions addressing self-harm, self-awareness, and behavioral issues. Asheville initially focused on volatile outbursts related to peer relationships and feelings of rejection, but due to insufficient progress, they recommended a higher level of care involving family therapy and medication management.

17. Before K.H.'s involuntary discharge from Asheville, her parents contacted the CSE, indicating that no IEP had been developed for the 2022-2023 school year, leading them to place K.H. at Asheville unilaterally. They expressed their intention to explore other residential therapeutic schools recommended by the CBST. After being involuntarily discharged from Asheville, K.H. was placed at Three Points Residential Treatment Center on June 22, 2023.

18. An IEP meeting was held on July 21, 2022, for the 2022-2023 school year, and the CSE conducted a Social History Update on July 20, 2022. The IEP identified management needs, and K.H. was classified as Emotionally Disturbed, with a recommendation for deferral to

the CBST for placement in a 12-month NYSED Approved Non-Public Residential School. The recommended related services included Individual Counseling twice a week for 60 minutes each and Group Counseling five times a week for 60 minutes.

19. The CBST provided recommendations for schools, including Harmony Heights, Wellspring, Charlton School, St. Anne's School, and St. Christopher's School. Harmony Heights, Wellspring, Andrus, and Charlton School rejected K.H. For St. Anne's School and St. Christopher's School, the parent communicated in a letter dated September 10, 2022, that she did not find them suitable and would continue placing the student at The Three Points Center, while also expressing readiness to visit any schools recommended by the CBST.

20. The DOE did not present any evidence and the IHO who presided over the case is a former NYC Department of Education attorney.

21. After multiple hearing dates, the IHO issued an erroneous decision on October 31, 2023 denying relief to the parent and finding that the unilateral placement selected by the parent was not appropriate. (Exhibit A)

22. The Parent as the Petitioner in that matter through their attorney appealed this matter to the State Review Office (SRO). The parent served a Notice of Intention to Seek Review on November 13, 2023 electronically at ServiceECF@law.nyc.gov.

23. On November 15, 2023, DOE attorney Kashif Forbes emailed the Parent (Petitioner) to confirm whether they would accept service by mail and would agree to a one week extension for the record, in which the parent's attorney agreed.

24. On November 28, 2023, the Parent's attorney received a Notice of Intent to Cross Appeal with the following attorneys copied from the DOE: Frank LaMonica, Brian Remiels and

Brian Davenport. Brian Remiels is a Managing Attorney in the Special Education Appeals Unit for the NYC Department of Education. (Ex. B )

25.     Kashif Forbes is an Agency Attorney working for the NYC Department of Education.

26.     On December 7, 2023, the Parent's attorney emailed Mr. Forbes and asked if he would consent to service by mail. He responded that he would.

27.     On December 11, 2024, the parent's attorney served Mr. Forbes the Request for Review at 11:59 A.M. The Parent's attorney had been working on the brief for weeks and had technological issues the night of the filing. The Parent's attorney sent an email containing the Request for Review (RFR) at 11:59 AM. (Ex. C )

28.     Leading up to serving the Respondent, the Petitioner had been having problems with her scanner and computer in attaching documents to the Verified Request for Review. Subsequently, the Petitioner re-served the Verified RFR with an attached Memorandum of Points and Authorities and Proof Service shortly after serving the original Verified Request for Review. (Ex. D )

29.     The next morning the Plaintiff/Parent realized that despite best efforts, the Notice of Request did not attach. At that point, she attempted to contact the Respondent immediately by email and by telephone on December 12, 2023, December 13, 2023 and December 14, 2023.(Ex. E, F)

30.     When the Plaintiff's attorney spoke with the DOE attorney on December 14, 2023, they explained that there were computer problems and problems with her scanner in serving the appeal resulting in it being served twice. Once at 11:59 PM on December 11, 2023

and again approximately twelve minutes later on December 12, 2023 with the Memorandum of Points and Authorities and Proof of Service.

31.     Based upon the fact that the Plaintiff's attorney had spoken with  Mr. Forbes explaining  why they served the DOE attorney twice, Plaintiff's attorney believed that service had been timely based on the date stamp of the email and as a result, did not submit a letter to the SRO explaining the complications that ensued the night of December 11, 2023 in serving the appeal. Plaintiff distinguishes this case from past cases dismissed by the SRO on the basis that the Verified RFR was served timely.

32.     In the same conversation, the Plaintiff's attorney explained that the Notice of Request for Review had been inadvertently omitted from  the Submission. Mr. Forbes responded that he was not handling the appeal and that Brian Remiels would be handling the appeal.

33.     Subsequently, the Plaintiff's attorney emailed Mr. Remiels and explained that the Notice had been inadvertently left off the submission and asked as a professional courtesy if he would accept service of the attached document.(Ex. G  )  Mr. Remiels wrote back accepting the document and stated that Mr. Forbes would be representing the DOE on appeal and not him (Ex. H ). Mr. Forbes was copied on both communications.

34.     Defendant filed an Answer on January 9, 2024, in which he asked for the Plaintiff's Request for Review to be dismissed  without prejudice stating that the appeal was untimely as it was served more than 40 days  from the date of the Findings of Fact and Decision (Decision) which was dated October 31, 2023.  In the same Answer Mr. Forbes moved for the dismissal of the Request for Review for failure to attach Notice.

35.     The Plaintiff served a Reply to Defendant on January 26, 2024.  In the Reply the Plaintiff argued that the Respondent/Defendant was in error  as the Verified Request for Review

had been served on December 11, 2023 at 11:59 and that per *New York State Regulations* Section 279.4(a), a Plaintiff has 40 days from the date of the FOFD to file the appeal. However, in this case, December 10, 2023, happened to fall on a Sunday. Under *8 NYCRR 279.11(b)* states that "If the last day for service of any paper permitted under this Part falls on a Saturday or Sunday, service may be made on the following Monday; and if the last day for such service falls on a legal holiday, service may be made on the following business day."

36. In Plaintiff's Reply to Defendant's argument that Plaintiff's appeal should be dismissed for failure to serve Notice, the Plaintiff cited the email exchange and acceptance of the Notice by Mr. Remiels. (Ex. H)

37. The SRO issued a decision dated February 28, 2024 dismissing the petition for failure to serve the district within the timelines set forth in the regulation and stated that the parent's explanation did not contain sufficient good cause. (Ex. B)

Count 1

38. Plaintiffs repeat and re-allege paragraphs 1 through 37 as if more fully set forth herein.

39. The SRO's decision to dismiss the Plaintiff's appeal as is arbitrary and capricious, without merit and flawed.

40. The SRO ignores how disingenuous it was for the Defendant through its attorney Mr. Forbes to move for the dismissal of the Request for Review for failure to attach Notice when the person he claimed would be handling the appeal (Mr. Remiels) accepted service. Mr. Forbes was aware of the exchange between Mr. Remiels and Plaintiff's attorney as he was copied on the correspondence to and from Mr. Remiels and aware of all of the circumstances surrounding the RFR.

41. The SRO's decision to dismiss the appeal based upon the failure to serve timely is flawed and should be reversed.

42. The SRO acknowledges in their decision that the Plaintiff sent the Request for Review at 11:59 PM. The conclusion reached by the SRO that the Plaintiff waited until the last minute to file the Appeal is arbitrary and capricious as it completely ignores the good faith effort the Plaintiff made to serve the appeal.

43. The SRO's decision attempts to diminish the Plaintiff's very real experience of technological failure as an occurrence within their control when technological difficulties are not within any person's control.

44. The Verified Request for Review was served timely upon the Defendant and the Notice was received by the person Defendant stated would initially be handling the appeal. As a result, defect of Notice was waived by the Defendant.

45. The SRO completely ignores the misrepresentation made by Mr. Forbes when he stated that Brian Remiels and not he would be handling the appeal.

46. The SRO ignores the multiple attempts by the Plaintiff to contact Mr. Forbes to discuss the service of the appeal.

47. The SRO's decision seemingly seeks to punish the Plaintiff for not including the title of the Case in the Email when there is no corresponding rule in the New York City Rules and Regulations that mandates that the case name and number etc. be included in the subject line of an email.

48. The SRO ignores the agreement to accept Notice made by Mr. Remiels and thereby ignores the fact that exceptions to the service of documents in federal courts, including

those in New York can be made based on waivers, agreements between parties and judicial discretion.

49. The SRO failed to take an equitable account of all of the relevant circumstances surrounding the Plaintiff's attempt to serve the Request for Review/Appeal.

WHEREFORE, plaintiffs respectfully request that the Court:

(a) reverse the decision and remand the Appeal (Request for Review, et. al) to the SRO for review on the merits.

(b) award Plaintiffs' statutory attorneys' fees and out-of-pocket costs recorded in this action;

(d) award Plaintiffs such other, different and further relief as this Court deems proper.

Dated: June 27, 2024
New York, New York

By: _____
Kimberly C. Tavares (4531612)
Law Office of Kimberly C. Tavares
955 Coney Island Avenue
Suite 210
Brooklyn, NY 11230
kcoleman.tavares@gmail.com
917.300.8435