UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

M.K. and S.H. on behalf of minor K.H.

                        Plaintiffs,              No. 24-cv-04900 (JHR)

          - against -

NEW YORK CITY DEPARTMENT OF EDUCATION,         **ANSWER**

                        Defendant.

-----------------------------------------------------------------------------X

Defendant, the New York City Department of Education ("Defendant" or "DOE"), by its attorney, the Corporation Counsel of the City of New York, as and for its Answer to the Complaint filed July 2, 2024 (ECF No. 4), respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein, and respectfully refers the Court to the underlying administrative record referenced therein for a complete and accurate statement of its contents.

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that Plaintiffs purport to invoke the Court's jurisdiction as set forth therein, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiffs seek to lay venue in the Southern District of New York as stated therein, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provision.

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint and respectfully refers the Court to the section of the Individuals with Disabilities Education Act ("IDEA") referenced therein and interpreting case law for a complete and accurate statement of when a student may be classified with a disability under the IDEA.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admits, upon information and belief, that Plaintiff M.K. is the mother of K.H.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admits, upon information and belief, that Plaintiff S.H. is the father of K.H.

7.    Denies the allegations set forth in paragraph "7" of the Complaint, except admits that Plaintiffs purport to proceed as set forth therein, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their provisions.

8.    Denies the allegations set forth in paragraph "8" of the Complaint and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

9.    Denies the allegations set forth in paragraph "9" of the Complaint, except admits that the DOE is a local educational agency ("LEA") as defined by the IDEA, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their provisions, as well as to Article 52-A of the New York State Education Law for information regarding the powers and duties of the DOE, and to Article 89 of the New York State Education Law for additional information regarding the DOE's responsibilities to provide a free and appropriate public education ("FAPE").

10.     Denies the allegations set forth in paragraph "10" of the Complaint, except admits that the DOE has policies and procedures related to implementation of the IDEA and that the DOE receives federal funding , and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

11.     Denies the allegations set forth in paragraph "12" of the Complaint, except admits, upon information and belief, that K.H. resides in a DOE school district, and respectfully refers the Court to the authorities cited therein for a complete and accurate statement of their contents.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint, except admits that K.H. has been classified as a student with a disability as defined by the IDEA, and respectfully refers the Court to K.H.'s most recent Individualized Education Plan ("IEP") for a complete and accurate description of their documented diagnoses.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Denies the allegations set forth in paragraph "18" of the Complaint, except admits that an IEP meeting for K.H. was held on or about July 21, 2022 and that the Committee on Special Education ("CSE) conducted a Social History Update for K.H. dated July 20, 2022, and respectfully refers the Court to the IEP referenced therein for a complete and accurate statement of its contents.

19.     Denies the allegations set forth in paragraph "19" of the Complaint, except admits the DOE identified several New York State approved nonpublic school placements for KH. and that several documents concerning K.H.'s enrollment at The Three Points Center were entered into the administrative record, and respectfully refers the Court to the IEP referenced therein for a complete and accurate statement of its contents.

20.     Denies the allegations set forth in paragraph "20" of the Complaint.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, except admits an Impartial Hearing Officer ("IHO") decision concerning K.H. was issued on or about October 31, 2023, and respectfully refers the Court to the IHO decision referenced therein and annexed to the Complaint as Exhibit A ("Exhibit A") for a complete and accurate descriptions of its contents.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admits that a Notice of Intention to Seek Review to the State Review Officer ("SRO") dated November 13, 2023 was filed with the SRO.

23.     Denies the allegations set forth in paragraph "23" of the Complaint and respectfully refers the Court to the email exchange referenced therein for a complete and accurate statement of its contents.

24.     Denies the allegations set forth in paragraph "24" of the Complaint and respectfully refers the Court to the email exchange referenced therein and annexed to the Complaint as Exhibit B ("Exhibit B") for a complete and accurate statement of its contents.

25.     Admits the allegations set forth in paragraph "25" of the Complaint.

26.     Denies the allegations set forth in paragraph "26" of the Complaint and respectfully refers the Court to the email exchange referenced therein for a complete and accurate statement of its contents.

27.     Denies the allegations set forth in paragraph "27" of the Complaint and respectfully refers the Court to the email exchange referenced therein and annexed to the Complaint as Exhibit C ("Exhibit C") for a complete and accurate statement of its contents.

28.     Denies the allegations set forth in paragraph "28" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of any technical difficulties Petitioner may have experienced referenced therein, and respectfully refers the Court to the purported service of the Request for Review ("RFR") referenced therein and attached to the Complaint as Exhibit D ("Exhibit D") for a complete and accurate statement of its contents.

29.     Denies the allegations set forth in paragraph "29" of the Complaint, excepts denies knowledge or information sufficient to form a belief as to Plaintiffs' attorney's state of mind, and respectfully refers the Court to the two emails referenced therein and annexed to the Complaint as Exhibit E and Exhibit F ("Exhibit E" and "Exhibit F" respectively), for a complete and accurate statement of their contents.

30.     Denies the allegations set forth in paragraph "30" of the Complaint and respectfully refers the Court to documents annexed to the Complaint as Exhibits C and D for a complete and accurate statement of their contents.

31.    Denies the allegations set forth in paragraph "31" of the Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiffs' attorney's state of mind,  and affirmatively states that the Verified Request for Review ("RFR") was not served timely and so was procedurally deficient to initiate an appeal to the SRO.

32.    Denies the allegations set forth in paragraph "32" of the Complaint.

33.    Denies the allegations set forth in paragraph "33" of the Complaint and respectfully refers the Court to the emails referenced therein and annexed to the Complaint as Exhibit G and H ("Exhibit G" and "Exhibit H" respectively) for a complete and accurate statement of their contents.

34.    Denies the allegations set forth in paragraph "34" of the Complaint, except admits that the DOE filed an Answer on or about January 9, 2024 where it correctly asserted that Plaintiffs' attempted appeal was untimely, and respectfully refers the Court to the Answer referenced therein for a complete and accurate statement of its contents.

35.    Denies the allegations set forth in paragraph "35" of the Complaint, except admits that the Parent served a Reply on or about January 26, 2024, and refers the Court to the Reply and New York State Regulation referenced therein for a complete and accurate statement of their contents.

36.    Denies the allegations set forth in paragraph "36" of the Complaint and respectfully refers the Court to the document annexed to the Complaint as Exhibit H referenced therein for a complete and accurate statement of its contents.

37.    Denies the allegations set forth in paragraph "37" of the Complaint, except admits that the SRO issued a decision dated February 28, 2024 that denied the Parent's appeal as untimely, and respectfully refers the Court to the SRO decision referenced therein and annexed to the Complaint as Exhibit B for a complete and accurate statement of its contents.

38.    As and for its Answer to the allegations in paragraph "38" of the Complaint, Defendant repeats and reaffirms each and every response set forth above in response to Paragraphs "1" through "37," as if set forth fully herein.

39.    Denies the allegations set forth in paragraph "39" of the Complaint.

40.    Denies the allegations set forth in paragraph "40" of the Complaint.

41.    Denies the allegations set forth in paragraph "41" of the Complaint.

42.    Denies the allegations set forth in paragraph "42" of the Complaint and respectfully refers the Court to the SRO decision referenced therein for a complete and accurate statement of its contents.

43.    Denies the allegations set forth in paragraph "43" of the Complaint.

44.    Denies the allegations set forth in paragraph "44" of the Complaint.

45.    Denies the allegations set forth in paragraph "45" of the Complaint.

46.    Denies the allegations set forth in paragraph "46" of the Complaint.

47.    Denies the allegations set forth in paragraph "47" of the Complaint.

48.    Denies the allegations set forth in paragraph "48" of the Complaint.

49.    Denies the allegations set forth in paragraph "49" of the Complaint.

### AS FOR A FIRST AFFIRMATIVE DEFENSE

50.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND AFFIRMATIVE DEFENSE

51.    Defendant did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York, or any political subdivision thereof.

### AS FOR A THIRD AFFIRMATIVE DEFENSE

52. At all times relevant to the acts alleged in the complaint, Defendant acted reasonably, lawfully, properly, constitutionally, without malice, and in good faith.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

53. Plaintiffs lack standing to bring this claim.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

54. The SRO Decision dated February 28, 2024 was thorough and well-reasoned, and, so, should not be disturbed.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff Parent failed to timely serve the administrative appeal in the underlying proceeding.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE

56. Plaintiffs have failed to demonstrate their entitlement to the requested relief.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

57. To the extent that Plaintiffs failed to raise arguments in the Request for Review to the SRO and/or failed to challenge findings of the IHO before the SRO, those arguments and challenges are waived.

## AS FOR AN NINTH AFFIRMATIVE DEFENSE

58. Plaintiffs are not the prevailing parties and are therefore not entitled to attorneys' fees, costs, expenses, or other similar relief.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety, that the Court enter judgment for Defendant, and that Defendant be granted such other and further relief as the Court deems just and proper.

Dated: October 3, 2024
        New York, New York

                                        Muriel Goode-Trufant
                                        Acting Corporation Counsel of the
                                        City of New York
                                        *Attorney for Defendant*


                                By: /s/_____
                                        Jordan Doll
                                        Assistant Corporation Counsel
                                        General Litigation
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-2624
                                        jdoll@law.nyc.gov


To:    Kimberly C. Tavares, Esq.
       Law Office of Kimberly C. Tavares
       *Attorney for Plaintiffs*
       (VIA ECF)