**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------

M.K. and S.H. on behalf of minor K.H.

                          Plaintiffs,

        - against -                              **PLAINTIFFS' NOTICE**
                                                **NOTICE OF MOTION**
                                                **FOR SUMMARY**
                                                **JUDGMENT**

                                                ECF

New York City Department of Education,              Case No.: 1:24-cv-4900

                                                  Hon.: Jennifer Rearden

                        Defendant.
----------------------------------------------------------------

PLEASE TAKE NOTICE that upon this Notice of Motion, the accompanying

Memorandum of Law in support thereof, dated  April 14, 2025 and the parties' Joint Statement

of Undisputed Facts, plaintiffs M.K. and S.H. will move before the Honorable Jennifer Rearden,

United States District Judge at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl

Street,  Room 12 B, New York, NY 10007-1312, for summary judgment pursuant to Fed. R. Civ.

P. 56,

1. Reversing the State Review Officer's decision

2. Remanding the case to the State Review Office for a decision on the merits,

3. Awarding costs and attorneys fees and

4. Awarding such further relief as may be just.

PLEASE TAKE FURTHER NOTICE  THAT, pursuant to the Court's March 17, 2025 order, Defendants shall serve and file an opposition and cross motion on or before May 14, 2024 , Plaintiffs shall serve and file and reply and opposition to cross motion on or before May 28, 2024  and Defendants shall serve and file any reply by June 11, 2025.

Dated:     April 14, 2025
          Brooklyn, New York

By: _____/s/_____

Kimberly C. Tavares (4531612)
Law Office of Kimberly C. Tavares
955 Coney Island Avenue
Suite 210
Brooklyn, NY 11230
kcoleman.tavares@gmail.com
917.300.8435

To:    Jordan Doll
      NYC Law Department
      100 Church Street
      New York, NY 10007

CERTIFICATION OF SERVICE

I, Kimberly C. Tavares, declare under penalty of perjury that I have served a copy of the of the attached Plaintiff's Notice of Motion for Summary Judgment, dated April 14, 2025, Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, dated April 14, 2024 , Statement of Material Facts, dated April 14, 2024  and Plaintiff's Supplemental Declaration upon defendant's attorney, Jordan Doll whose address is New York City Law Department, 100 Church Street, New York, NY 10007 by filing such documents via electronic filing to the Southern District of New York CM/ECF system, which will send notification to the above.

Respectfully submitted,
_____/s/_____
Kimberly C. Tavares (4531612)
Law Office of Kimberly C. Tavares
Attorney for Plaintiffs
955 Coney Island Avenue
Suite 210
Brooklyn, NY 11230
kcoleman.tavares@gmail.com
917.300.8435

Date: April 14, 2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------

M.K. and S.H. on behalf of minor K.H.

                Plaintiffs,

     - against -

                                 **STATEMENT OF**
                                 **MATERIAL FACTS**

                                 ECF

New York City Department of Education,         Case No.: 1:24-cv-4900

                                 Hon.: Jennifer Rearden

                 Defendant.
------------------------------------------------------------------

       Pursuant to the Local Civil Rules 56.1 of the Southern District of New York and this Court's Order dated March 17, 2025 (Dkt # 29) and in support of her respective summary judgment motions, the Plaintiff submits this statement of material facts.

   **DEFINITIONS AND ABBREVIATIONS**

CSE: committee on special education; a multidisciplinary team established in accordance with the provisions of section 4402 of New York's Education Law and the body statutorily empowered to develop IEPs for eligible students

DOE: the New York City Department of Education.

FAPE: free appropriate public education.

IDEA: Individuals with Disabilities Education Improvement Act, 20, U.S.C. 1401, et. sec.

   I.   Background

a. For the 2022–2023 school year, K.H. was 13 years old and in the 8th grade. (Parent Ex. BB-1)[1]

b. K.H. has been diagnosed with the following conditions: Major Depressive Disorder, Recurrent, Moderate with history of self-harm and suicide attempts; Disruptive Mood Dysregulation Disorder; Adjustment Disorder with Mixed Disturbance of Emotions and Conduct; Borderline Personality Disorder; Attention Deficit Hyperactivity Disorder, Combined Type; and Non-Verbal Learning Disorder. (Parent Ex. BB-1; Parent Ex. G-2; Parent Ex. H-7; Parent Ex. I-1)

c. K.H. was adopted at birth. Her biological parent had a history of seizures and a learning disability. (Parent Ex. BB-1)

d. K.H. experienced interruptions in her education due to four psychiatric hospitalizations resulting from unsafe behaviors and emotional dysregulation. (Parent Ex. BB-1; Parent Ex. F-6; Parent Ex. G-1; Parent Ex. M; Parent Ex. N; Parent Ex. O)

e. K.H. has been placed in multiple residential treatment programs to address persistent depression, suicidal ideation, and emotional/behavioral dysregulation. (Parent Ex. BB-2; Parent Ex. G-4)

f. During the COVID-19 pandemic and transition to online learning, K.H.'s mental health deteriorated, culminating in a suicide attempt. (Parent Ex. BB, Parent Ex. G, Parent Ex. O)

g. On or around March 19, 2021, K.H. was allegedly sexually assaulted at Mark Twain Middle School. She was instructed by the alleged perpetrator not to

---

[1] For clarity, citations to the administrative record refer to exhibits submitted during the due process hearing (e.g. "Parent Ex. BB-1" or "Tr. 23"). Exhibits labeled "Exhibit A", "Exhibit B." etc., are attached to the Declaration of Kimberly Tavares submitted in supported of the summary judgment motion.

disclose the incident. Her parents only learned of the incident when contacted by the NYPD in Spring 2021. (Parent Ex. BB-2)

h.  On May 5, 2021, the NYPD informed K.H.'s parents that the school did not feel comfortable allowing K.H. to return to the building due to the open assault investigation. (Parent Ex. BB-2)

i. Following this incident, K.H.'s mental health further deteriorated, and she continued to engage in unsafe behavior. (Parent Ex. BB-2)

j. K.H. was admitted to SUWS of the Carolinas, a Wilderness Program, from July 7, 2021 to September 19, 2021, where she was assessed as having significant needs in emotional regulation, behavioral management, family systems conflict, and suspected learning disabilities. (Parent Ex. BB-2;  Parent Ex. I)

k. Upon recommendation from the medical team, K.H.'s parents enrolled her in Asheville Academy, a therapeutic residential program, where she remained from September 20, 2021 through June 19, 2022. (Parent Ex. BB-2; Parent Ex. G-5)

l.  K.H. was involuntarily discharged from Asheville due to non-responsiveness to therapeutic interventions. (Parent Ex. G-5)
m. Asheville recommended that K.H. required a higher level of care, including family therapy and medication management. (Parent Ex. G-4)

n. K.H.'s parents notified the Committee on Special Education (CSE) that no IEP had been developed for the 2022–2023 school year and advised that they would unilaterally place her if no suitable DOE placement was provided. (Parent Ex. B-1)

o. The DOE held a CSE meeting on July 21, 2022, and recommended classification of 'Emotionally Disturbed' and deferral to the CBST for placement in a 12-month

NYSED-approved non-public residential school with a 12:1:1 student-to-teacher ratio. (Parent Ex. F-8, Parent Ex. F-9)

p.  Related services recommended by the CSE included: individual counseling twice per week (60 minutes/session) and group counseling five times per week (60 minutes/session). (Parent Ex. F)

q.  The CBST recommended the following schools: Harmony Heights, Wellspring, Charlton School, St. Anne's School, and St. Christopher's School. (Parent Ex. BB-3; Parent Ex. E-1)

r.  K.H. was rejected by Harmony Heights, Wellspring, Andrus, and Charlton School. (Parent Ex. BB-3)

s.  K.H.'s parents contacted St. Anne's and St. Christopher's and determined that neither school was appropriate. They informed the CSE and CBST of this in a letter dated September 10, 2022, and indicated they would continue to visit schools recommended by the CBST. (Parent Ex. BB-3)

t.  The DOE did not present evidence at the hearing. The Impartial Hearing Officer ("IHO") who presided over the case previously worked as an attorney for the NYC Department of Education. (Ex. A)

u.  Following multiple hearing dates, the IHO issued a decision on October 31, 2023, denying the parent's claim and finding the unilateral placement was not appropriate. (Ex. A)

v. The parent, through counsel, filed a Notice of Intention to Seek Review with the State Review Officer ("SRO") on November 13, 2023, via email to ServiceECF@law.nyc.gov. (Ex. B)

w. On November 15, 2023, DOE attorney Kashif Forbes emailed the parent's counsel to confirm whether they would accept service by mail and whether they would agree to a one-week extension for the record. The parent's attorney agreed. (Ex. B)

x. On November 28, 2023, the parent's attorney received a Notice of Intent to Cross-Appeal, which copied DOE attorneys Frank LaMonica, Brian Remiels, and Brian Davenport. Brian Remiels is a Managing Attorney in the Special Education Appeals Unit of the NYC DOE. (Ex. B)

y. Kashif Forbes is an Agency Attorney for the NYC DOE. (Ex. B)

z. On December 7, 2023, the parent's attorney emailed Mr. Forbes to request consent to serve by mail. Mr. Forbes responded affirmatively. (Ex. C)

aa. On December 11, 2023, at 11:59 PM, the parent's attorney emailed the Request for Review to Mr. Forbes. (Ex. C)

bb. After sending the initial Request for Review, the parent's attorney re-sent the submission with the Memorandum of Points and Authorities and Proof of Service. (Ex. D)

cc. On the morning of December 12, 2023, the parent's attorney determined that the Notice of Request for Review had not been attached and attempted to contact DOE counsel by phone and email on December 12, 13, and 14, 2023. (Ex. E, F)

dd. On December 14, 2023, DOE counsel and the parent's attorney spoke about technical issues that led to the appeal being sent twice—once on December 11, 2023, and again shortly after midnight on December 12, 2023. (Ex. F)

ee. The parent's attorney did not submit a letter to the SRO at the time regarding the technical issues that occurred during service on December 11, 2023. (Ex. F)

ff. In the same conversation, the parent's attorney informed DOE counsel that the Notice of Request for Review was inadvertently omitted. Mr. Forbes indicated that Brian Remiels would be handling the appeal. (Ex. G)

gg. The parent's attorney emailed Mr. Remiels to request acceptance of the omitted Notice. Mr. Remiels responded that Mr. Forbes would be handling the appeal and acknowledged receipt of the document. Mr. Forbes was copied on this communication. (Ex. G)

hh. On January 9, 2024, the DOE filed an Answer requesting dismissal of the appeal on the basis that it was not served within 40 days of the IHO's decision dated October 31, 2023. The DOE also moved to dismiss based on the omission of the Notice of Request for Review. (Ex. B)

ii. On January 26, 2024, the parent served a Reply arguing that service occurred on December 11, 2023, within the 40-day period under 8 NYCRR § 279.4(a), and that the deadline was extended under 8 NYCRR § 279.11(b) because December 10, 2023, was a Sunday. (Ex. B)

jj. In the Reply, the parent referenced the email exchange and Mr. Remiels's acceptance of the Notice of Request for Review. (Ex. G)

kk. On February 28, 2024, the SRO issued a decision dismissing the appeal on the grounds that the DOE was not served within the applicable time period and that the explanation did not constitute good cause under the regulations. (Ex. B)

Dated:    April 14, 2025
          Brooklyn, New York

                                By: _____/s/_____
                                    Kimberly C. Tavares (4531612)
                                    Law Office of Kimberly C. Tavares
                                    955 Coney Island Avenue
                                    Suite 210
                                    Brooklyn, NY 11230
                                    kcoleman.tavares@gmail.com
                                    917.300.8435

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------
M.K. and S.H. on behalf of minor K.H.

                         Plaintiffs,

       - against -

                                          ECF

New York City Department of Education,          Case No.: 1:24-cv-4900

                                          Hon.: Jennifer Rearden
                        Defendant.
------------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPORT OF

## PLAINTIFF'S SUMMARY JUDGMENT MOTION

                        Kimberly C. Tavares (4531612)
                        Law Office of Kimberly C. Tavares
                        955 Coney Island Avenue
                        Suite 210
                        Brooklyn, NY 11230
                        kcoleman.tavares@gmail.com
                        917.300.8435

1

## TABLE OF CONTENTS

Preliminary Statement 1

Introduction 1

Statement of Facts 2

Argument 6

   I. Plaintiff Served Their Request for Review Timely Under the Regulations 6

   II. 8 NYCRR § 279.13 Should Be Interpreted in a Manner Consistent with the Purposes of the IDEA 8

   III. Plaintiff Established Good Cause for Any Deficiency in Service 11

   IV. The SRO Abused Its Discretion by Rejecting Plaintiff's Appeal Despite Lack of Prejudice to the DOE 12

   V. The Precedent Relied Upon by the SRO Is Distinguishable from This Claim 14

   VI. Equitable Tolling Justifies Excusing Any Filing Defect 10

Conclusion 11

# TABLE OF AUTHORITIES

## Cases

*Avaras v. Clarkstown Cent. Sch. Dist.*, 2019 WL 4600870 (S.D.N.Y. Sept. 21, 2019)  14

*Henderson v. Shinseki*, 562 U.S. 428 (2011)  9

*In re WorldCom, Inc.*, 708 F.3d 327 (2d Cir. 2013)  10

*J.D. v. NYC DOE*, 2015 WL 7288647 (S.D.N.Y. Nov. 17, 2015)  12

*L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900 (9th Cir. 2009)  7

*Licht v. New York City Dep't of Educ.*, 2006 WL 3045738 (E.D.N.Y. 2006)  7

*New York City Dep't of Educ. v. S.H.,* 2014 WL 572583 (S.D.N.Y. Jan. 22, 2014)  14

*Pace v. DiGuglielmo*, 544 U.S. 408 (2005)  15

*T.W. v. Spencerport Cent. Sch. Dist.*, 891 F. Supp. 2d 438 (W.D.N.Y. 2012)  7

## TABLE OF AUTHORITIES

### Statutes and Regulations

20 U.S.C. § 1400 et seq. ............................................................................................ 1

20 U.S.C. § 1415(i)(2) ........................................................................................ 1, 15

8 NYCRR § 279.4(a) ............................................................................................... 6

8 NYCRR § 279.11(b) ............................................................................................. 6

8 NYCRR § 279.13 .................................................................................................. 8

38 U.S.C. § 7266(a)

## PRELIMINARY STATEMENT[1]

Plaintiffs M.K. and S.H., individually and on behalf of their daughter, K.H. respectfully submit this memorandum of law in support of their motion to reverse the New York State Review Officer's ("SRO") decision dated February 28, 2024, dismissing Plaintiffs' administrative appeal on procedural grounds. The SRO's decision was arbitrary, capricious, and unsupported by the record. Accordingly, Plaintiffs respectfully request that the Court reverse the dismissal and remand the matter for a decision on the merits pursuant to 20 U.S.C. §1415(i)(2).

## INTRODUCTION

This action arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq., and challenges the improper dismissal of Plaintiffs' timely appeal of an impartial hearing officer ("IHO") decision denying tuition reimbursement for the 2022–2023 school year.

---

[1] For the sake of brevity, this brief uses the following definitions and abbreviations:

CSE: Committee on Special Education, a multidisciplinary team established in accordance with the provisions of New York Law. 8 NYCRR §200.1(k). One of the duties of the CSE is to evaluate and develop IEPs for students with special needs and/or disabilities.

DOE: the New York City Department of Education

FAPE: Free Appropriate Public Education

IDEA: Individuals with Disabilities Education Improvement Act , 20 U.S.C. 1401 et seq.

IHO: Impartial Hearing Officer, the initial fact finder in New York's two tiered administrative proceedings for children with special needs

SRO: State Review Officer; the second administrative tier in New York's two-tiered administrative proceedings for children with special needs.

1

Despite serving a Verified Request for Review ("RFR") at 11:59 PM on the last day permitted by regulation and curing minor clerical issues with consent from the Department of Education ("DOE"), the SRO dismissed the appeal (Rule 56.1 ¶ 36; Ex. B) on the grounds of untimely service and failure to serve a Notice of Request. The SRO's ruling failed to account for the DOE's agreement to accept service (Rule 56.1 ¶ 23; Ex. B), its waiver of any service defect, and Plaintiffs' counsel's good faith efforts and technological challenges.

The SRO's refusal to consider the appeal on the merits—particularly in light of the DOE's knowledge and acceptance of the filing—was legally erroneous and unjust. Plaintiffs request that this Court reverse the dismissal and remand the case to the SRO for consideration of the merits.

## STATEMENT OF FACTS

K.H. is a gifted and talented child who has a long-standing history of significant emotional dysregulation that has interfered with her ability to attend school. During the 2020–2021 school year, she experienced profound mental health struggles, including four hospitalizations (Rule 56.1 ¶ 4; Ex. M, N, O) for two suicide attempts, one suicide threat, and persistent emotional instability. In each of her hospitalizations (Rule 56.1 ¶ 4; Ex. M, N, O), she has had to be removed from the traditional general education setting in order to undergo treatment and stabilization.

On March 16, 2021, K.H. was allegedly sexually assaulted at her school, Mark Twain. The alleged perpetrator instructed K.H. not to tell anyone, and her parents only learned of the incident when they were contacted by the New York City Police Department later that spring.

Following this traumatic event, K.H. was admitted to Casa Pacifica's Residential Treatment Program and, after discharge, entered a Partial Hospitalization Program at Trinitas Medical Center. She did not attend in-person schooling during this period and struggled significantly with engagement in remote learning.

On May 5, 2021, K.H.'s parents were informed by the police that the school was uncomfortable having her return due to the pending assault case, which led to further emotional deterioration and unsafe behavior. K.H. was subsequently diagnosed with several mental health conditions, including Borderline Personality Disorder, Major Depressive Disorder, Oppositional Defiant Disorder, Disruptive Mood Dysregulation Disorder, and ADHD. From September 20, 2021, through June 19, 2022, K.H. was enrolled at Asheville, a residential therapeutic school. However, she was involuntarily discharged due to limited progress and persistent challenges, including difficulties with self-awareness and self-harm. Asheville ultimately recommended a higher level of care that included family therapy and more intensive medication management.

Prior to K.H.'s discharge from Asheville, her parents contacted the Committee on Special Education (CSE) to report that no IEP had been developed for the 2022–2023 school year. As a result, they unilaterally re-enrolled K.H. at Asheville and explored other placements with the Central Based Support Team (CBST). After her discharge, K.H. was admitted to Three Points Residential Treatment Center on June 22, 2023. A CSE meeting convened on July 21, 2022 (Rule 56.1 ¶ 15; Ex. F-8), during which the DOE classified K.H. as Emotionally Disturbed and recommended deferral to the CBST for a 12-month placement in a New York State Education Department-approved non-public residential school. Related services included individual counseling twice per week and group counseling five times per week.

3

The CBST issued referrals to several schools—Harmony Heights, Wellspring, Charlton School (Rule 56.1 ¶ 17; Ex. E-1), St. Anne's, and St. Christopher's—but Harmony Heights, Wellspring, Andrus, and Charlton rejected K.H.. The parents informed the DOE in writing on September 10, 2022, that they found St. Anne's and St. Christopher's unsuitable, while confirming their willingness to consider further CBST recommendations. In the interim, they maintained K.H.'s placement at Three Points.

During the impartial hearing, the DOE failed to present any evidence (Rule 56.1 ¶ 21; Ex. A). The IHO assigned to the case—a former DOE attorney—held multiple hearing dates and issued a decision on October 31, 2023, denying the parents' claims and finding that the unilateral placement was not appropriate. On November 13, 2023, the parents, through counsel, served a Notice of Intention to Seek Review electronically (Rule 56.1 ¶ 22; Ex. B). On November 15, 2023, DOE attorney Kashif Forbes confirmed agreement to accept service by mail and to grant a one-week extension to file the administrative record.

On November 28, 2023, counsel for the parents received a Notice of Intent to Cross Appeal from the DOE, copying three attorneys: Frank LaMonica, Brian Remiels, and Brian Davenport. Mr. Remiels, a managing attorney in the Special Education Appeals Unit, was initially identified as the handling attorney. However, Mr. Forbes ultimately assumed that role. On December 7, 2023, counsel for the parents reconfirmed with Mr. Forbes that he would accept service by mail. On December 11, 2023, at 11:59 PM, counsel for the parents served the Verified Request for Review via email (Rule 56.1 ¶ 26; Ex. C), after experiencing significant last-minute technical difficulties with her scanner and file attachments. Shortly thereafter, she re-served the documents (Rule 56.1 ¶ 27; Ex. D) with the missing attachments, including the memorandum of law and proof of service.

4

Upon realizing the Notice of Request for Review had not been attached, counsel immediately attempted to rectify the omission (Rule 56.1 ¶ 28; Ex. E, F) and contacted DOE counsel on December 12, 13, and 14, 2023. On December 14, she spoke with Mr. Forbes, who acknowledged the duplicate service and the technical issues, and advised that Brian Remiels was not handling the appeal. Counsel then followed up with Mr. Remiels by email, who confirmed receipt (Rule 56.1 ¶ 31; Ex. G) and accepted service of the Notice of Request for Review. Mr. Forbes was copied on the communication.

Despite the DOE's acceptance of service and participation in the administrative appeal, it later moved to dismiss the appeal, arguing that the service was untimely and procedurally deficient. Plaintiffs submitted a reply (Rule 56.1 ¶ 34; Ex. B) on January 26, 2024, arguing that the appeal had been timely filed pursuant to NYCRR §279.11(b), which permits filing on the following Monday if the deadline falls on a weekend. Plaintiffs also highlighted the DOE's waiver of objections and its acceptance of the supplemental documents. Nevertheless, the SRO dismissed the appeal (Rule 56.1 ¶ 36; Ex. B) on February 28, 2024, finding the parent's explanation did not constitute good cause.

## ARGUMENT

## I.

## PLAINTIFF SERVED THEIR REQUEST FOR R

## EVIEW TIMELY UNDER THE REGULATIONS

The SRO's determination that Plaintiff failed to timely serve the Request for Review is incorrect. The Impartial Hearing Officer's (IHO) decision was dated October 31, 2023. Under *8*

5

*NYCRR § 279.4(a),* Plaintiff had 40 days to serve the appeal. Because the 40th day, December 10, 2023, fell on a Sunday, service on Monday, December 11, 2023 was timely pursuant to *8 NYCRR § 279.11(b).* Plaintiff served the Request for Review by email at 11:59 PM on December 11, 2023. The DOE does not contest that this email was received. The Request for Review  was served well within the permitted timeframe.  The SRO acknowledged  this in the decision but improperly criticized the timing as "waiting until the last minute." There is no regulation requiring earlier service on the final day, nor is such conduct grounds for dismissal. Moreover, the courts interpreting the IDEA have consistently rejected hyper-technical enforcement of procedural rules where the parent has acted in good faith and there is no harm to the district. See *T.W. v. Spencerport Cent. Sch. Dist.*, 891 F. Supp. 2d 438 (W.D.N.Y. 2012) (courts should not elevate form over substance where procedural default is minor); *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900 (9th Cir. 2009) (procedural violations that do not result in prejudice do not justify dismissal).  Courts have made clear that IDEA's procedural framework must be interpreted to protect substantive rights, not frustrate them with rigid technicalities.

In addition,  there is no regulation prohibiting email as a method of service, especially when here, email is accepted as a practical and effective means of communication in IDEA proceedings.  Courts have recognized that when a party uses an accepted method or services  and serves the appeal within the statutory period, service is deemed timely.  See Licht v. New York City Dep't of Educ., 2006 WL 3045738 (E.D.N.Y.2006) ("where service is permitted by mail, the date of mailing constitutes the date of service."). This principle applies equally to email when the method is consistent with the parties' established practice and causes no prejudice.

Accordingly, Plaintiff's Request for Review was timely served under both the letter and spirit of the applicable law.

## II.

### 8 NYCRR § 279.13 SHOULD BE INTERPRETED

### IN A MANNER CONSISTENT WITH THE PURPOSES OF THE IDEA

Pursuant to *8 NYCRR § 279.13*, the SRO may dismiss an appeal that is not served within the 40-day timeline. However, the regulation expressly permits the SRO to exercise discretion to excuse untimely service upon a showing of good cause. The regulation must be interpreted consistent with the remedial purposes of the IDEA, which favors decisions on the merits of whether a student has been provided a Free Appropriate Public Education (FAPE). The service deadline in this case is not jurisdictional in nature but is subject to equitable considerations under the IDEA which is a remedial statue designed to insure that children disabilities receive a free appropriate public education.   The U.S. Supreme Court has clarified that not all filing deadlines are jurisdictional.  See *Henderseon v.  Shinseki,* 562 U.S. 428 (2011); and *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (206).

In *Henderseon v. Shinseki,* 562 U.S. 428 (2011); the United States Supreme Court reviewed a decision of the United States Court of Appeal for the Federal Circuit affirming a decision of the U.S. Court of Appeals for Veterans that dismissed a veteran's appeal of a ruling of appellee  on the basis that the appeal was time-barred  because the 120-day filing deadline of 38 U.S.C.S. §7266(a) was jurisdictional. The U.S. Supreme Court reversed the appellate court's decision and remanded the case for further proceedings.  The Court ultimately found that the 120-day limit of Section 7266 was not intended to be jurisdictional and instead was part of an

administrative framework and thereby subject to equitable considerations.  The fact that the SRO can consider equitable considerations in deciding to hear a case per *8 NYCRR § 279.13* proves that the Regulations the time limit to file a case is equitable in nature and not jurisdictional.

Even if the rules required strict compliance, the DOE waived its right to object in three ways: (1)by consenting to email service; (2) accepting post deadline submissions without objection and (2) misleading the Plaintiff regarding who was handling the appeal.

The fact that the DOE consented to service by email is firmly established by the record. With respect to accepting post deadline submissions by mail without objection, the email chain which is in evidence between two DOE attorneys and Plaintiff's counsel reveal that they were informed of  the technical issues that occurred the night of the December 11, 2023 in the service of the appeal and were informed that despite best efforts the Notice of Request for Review did not attach.  At  no time in the emails between Mr. Remiels and Plaintiff's counsel of which Mr. Forbes was copied nor in the telephone conversation between Mr. Forbes and Plaintiff's counsel was an objection made regarding the Plaintiff's Notice. The conduct by the DOE representatives in this matter is demonstrative of waiver by conduct.  Waiver by conduct  occurs when a party "intentionally relinquishes or abandons a known right." *In re WorldCom, Inc.*, 708 F.3d 327 (2d Cir. 2013).  The DOE's acceptance of the notice  and failure to object immediately can be seen as a waiver.  The DOE cannot lead the Plaintiff to believe that minor issues had been resolved informally, only to later weaponize them in its motion to dismiss.  This sort of procedural game is precisely what equitable doctrines are designed to prevent.

8

## III.

## PLAINTIFF ESTABLISHED GOOD CAUSE

## FOR ANY DEFICIENCY IN SERVICE

To the extent the SRO found service defective due to a missing attachment (the Notice of Request for Review), Plaintiff promptly cured the omission. The technical error was due to a scanner malfunction. Within hours, Plaintiff re-served the complete submission, including the Memorandum of Law and Proof of Service. Plaintiff also promptly contacted DOE counsel, and attorney Brian Remiels acknowledged receipt and accepted service of the missing document.

## IV. THE SRO ABUSED ITS DISCRETION BY

## REJECTING PLAINTIFF'S APPEAL

## DESPITE LACK OF PREJUDICE TO THE DOE

DOE attorneys were promptly notified, had actual notice, and were not prejudiced by the brief and corrected delay. Courts in this district have held that minor procedural errors should not bar meritorious claims in the absence of prejudice. See *J.D. v. NYC DOE,* 2015 WL 7288647, at *16 (S.D.N.Y. Nov. 17, 2015). Moreover, dismissing a case for a strict technical reason, where there has been no prejudice to the DOE and there has been a good faith reason as for any existing and cured procedural defect, will have a chilling effect on parent advocacy and will frustrate the goal of parent engagement.  To penalize a parent, represented  by counsel, who has made very good faith effort to comply with all statutes and regulations, for a mirror and corrected issue would stop other families from pursuing legitimate claims, especially those with limited resources or access to technological resources.

9

## V.

## THE PRECEDENT RELIED UPON BY THE SRO

## IS DISTINGUISHABLE FROM THIS CLAIM

The SRO relied on several decisions including *Avaras v. Clarkstown Cent. Sch. Dist.,*
*2019 WL 4600870* (S.D.N.Y. Sept. 21, 2019), and *New York City Dep't of Educ. v. S.H., 2014*
*WL 572583* (S.D.N.Y. Jan. 22, 2014). This case is distinguishable from precedent relied upon by
the SRO in dismissing the claim. The  cases cited by the SRO involved longer delays or no
remedial actions. In contrast, Plaintiff served the appeal within the regulatory window, and any
technical defects were promptly cured. DOE counsel was kept informed and responded to
communications. Thus, equity and precedent support that dismissal was unwarranted.

## VI.

## EQUITABLE TOLLING JUSTIFIES EXCUSING ANY FILING DEFECT

If the court  is persuaded that  the deadline was missed, the Plaintiff  makes a request for
equitable tolling based upon good cause.  The record is clear that the Plaintiff acted in good
faith in serving the appeal and trying to cure any procedural defects that occurred as a result
of technological issues.   Under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005) in order to
establish equitable tolling, a Plaintiff must show that "extraordinary circumstances  prevented
timely filing and that  they "acted with reasonable diligence."

In the case at bar, the Plaintiff made served the appeal and attempted to immediately
contact the DOE upon discovery of the defect.  The Plaintiff made reasonable efforts to cure
the defect and sent the Appeal with the Notice of Request for Review to Brian Remiels,
Kashief Forbes supervisor and the attorney whom Mr. Forbes represented would be handling

10

the appeal. Mr. Remiels was apprised of the procedural defect, accepted service and stated that Mr. Forbes would be drafting the appeal.  There was absolutely no prejudice to the DOE. This case presents an example of why procedural deadlines must be applied with fairness and discretion.  The DOE's conduct in this matter—consenting to email service, accepting post deadline documents and remaining silent about defects precludes any claim of prejudice. Had the DOE objected immediately to the procedural defect the Plaintiff would have had the opportunity to  frame her argument and notice to the SRO differently and to apprise them of what occurred. The SRO's rigid position in creating earlier deadlines then what the regulations provides and its failure to acknowledge the facts above  and review the underlying appeal based upon the merits of the case is not compatible with the purpose of the IDEA, the doctrine of waiver and fundamental fairness.  Dismissal under these circumstances is not required by law and amounts to an abuse of discretion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1.   Reverse the SRO's February 28, 2024 decision dismissing the appeal as untimely;

2.  Find that Plaintiff's timely served the Request for Review in accordance with 8 NYCRR §279.4 and 279.11(b).

3.  Alternatively, find that any minor procedural defect was cured and excused for good cause under 8 NYCRR § 279.13

4.  Remand the matter to the SRO for consideration of the merits of Plaintiffs' claims pursuant to 20 U.S.C. §1415(i)(2);

11

5.  Award attorneys fees and reasonable costs to Plaintiffs and other relief the Court deems
    fit.

Dated: April 14, 2025
       Brooklyn, New York

<div style="margin-left:40%">

By: _____/s/_____
Kimberly C. Tavares (4531612)
Law Office of Kimberly C. Tavares
955 Coney Island Avenue
Suite 210
Brooklyn, NY 11230
kcoleman.tavares@gmail.com
917.300.8435

</div>

<div style="text-align:right">9</div>

<div style="text-align:center">12</div>

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

M.K. and S.H., individually and on behalf

of their daughter, K.H.,

                     Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF

EDUCATION,

                  Defendant.

---------------------------------------------------------------X

**SUPPLEMENTAL DECLARATION OF KIMBERLY C. TAVARES**

ECF

 Case No.:  1:24-cv-04900

 Hon. Jennifer  H. Rearden

**SUPPLEMENTAL DECLARATION OF KIMBERLY C. TAVARES**,

I, Kimberly C. Tavares, declare under penalty of perjury as follows:

1. I am the attorney of record for the Plaintiffs in the above-captioned action and submit this declaration in further support of Plaintiffs' motion for summary judgment to reverse the decision of the State Review Officer ("SRO") dated February 28, 2024.

2. The purpose of this declaration is to clarify the timeline and circumstances surrounding the service of the Verified Request for Review in connection with the Plaintiffs' administrative appeal of the Impartial Hearing Officer's decision dated October 31, 2023.

3. On December 11, 2023, at approximately 11:59 PM, I sent an email to the New York City Department of Education's designated counsel attaching the Verified Request for Review and Affidavit of Verification. A copy of this email, as retained in my outbox and metadata, confirms that the transmission was sent at 11:59 PM.

4. Due to technical difficulties involving my scanner and computer's file attachment process, I was unable to attach the Notice of Request for Review and Memorandum of Law in the initial transmission. These documents were separately transmitted by email to DOE counsel on December 12, 2023, and the omitted Notice was later accepted by DOE counsel without objection on December 14, 2023.

5. At all relevant times, the DOE counsel copied on the communications acknowledged receipt and did not assert any objection to the form or timing of service until filing its answer seeking dismissal. The DOE engaged fully in the appeal process, including filing an Answer and Cross-Appeal, demonstrating that no prejudice occurred.

6. I acted diligently and in good faith, believing the 11:59 PM transmission to be timely and sufficient, particularly in light of the DOE's established practice of accepting service via email.

7. Given the DOE's acceptance, the lack of prejudice, and the minor nature of the technical issue, the SRO's dismissal of the appeal was overly formalistic and contrary to the remedial intent of the IDEA.

[THIS SPACE LEFT INTENTIONALLY BLANK]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 14, 2025

Brooklyn, New York

_____/s/_____

Kimberly C. Tavares, Esq.
Attorney for Plaintiffs