Case No. 24-CV-04900 (LTS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.K. and S.H. on behalf of minor K.H.,

*Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant.*

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the City of New York
Attorney for Defendant
100 Church Street
New York, New York 10007

Of Counsel: Jordan Doll
Tel: (212) 356-2624
Matter No. 2024-071392

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................... 1

STATUTORY SCHEME ................................................................................................................. 2

STATEMENT OF FACTS .............................................................................................................. 3

ARGUMENT .................................................................................................................................. 4

LEGAL STANDARD ..................................................................................................................... 4

      POINT I

            PLAINTIFFS APPEAL OF THE IHO DECISION WAS
            UNTIMELY ....................................................................................................... 4

            A.  Plaintiffs do not Provide Good Cause for their
                Untimely Appeal ................................................................................. 4

            B.  Mr. Reimels' Acknowledgement of the Parents'
                Attorney's Email Does not Constitute Waiver ...................................... 11

            C.  Plaintiffs' Remaining Arguments are Meritless ..................................... 13

CONCLUSION .............................................................................................................................. 14

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Pages**

*Avaras v. Clarkstown Cent. Sch. Dist.*,
    18-cv-6964 (NSR), 2019 U.S. Dist. LEXIS 162087, 2019 WL 4600870
    (S.D.N.Y. Sept. 21, 2019)....................................................................................................4, 10

*B.C. v. Pine Plains Cent. Sch. Dist.*,
    971 F. Supp. 2d 356 (S.D.N.Y. 2013)..................................................................................5

*B.C. ex rel B.M. v. Pine*
    *plains cent. Sch. Dist.*, 971 F. Supp. 2d 356, 367 (S.D.N.Y. 2013)........................................13

*Bd. of Educ. v. Rowley*,
    458 U.S. 176 (1982)............................................................................................................2

*Bd. of Educ. of the Yorktown Cent. Sch. Dist. v. C.S.*,
    357 F. Supp. 3d 311 (S.D.N.Y. 2019)..................................................................................3

*Forest Grove Sch. Dist. v. T.A.*,
    557 U.S. 230 (2009)............................................................................................................2

*Gagliardo v. Arlington Cent. Sch. Dist.*,
    489 F.3d 105 (2d Cir. 2007)................................................................................................2

*Grenon v. Taconic Hills Cent. Sch. Dist.*,
    No. 05-CV-1109, 2006 U.S. Dist. LEXIS 91450, 2006 WL 3751450
    (N.D.N.Y. Dec. 19, 2006)....................................................................................................5

*Hamilton v. Atlas Turner, Inc.*,
    197 F.3d 58 (2d Cir. 1999)..................................................................................................12

*L.M. v. Capistrano Unified Sch. Dist.*,
    556 F.3d 900 (9th Cir. 2009) ..............................................................................................10

*M.G. v. Rye City Sch. Dist.*,
    No. 23-CV-9742 (CS), 2025 WL 343617, 2025 U.S. Dist. LEXIS 17245
    (S.D.N.Y. Jan 30, 2025)......................................................................................................8

*M.H. v. New York City Dep't Of Educ.*,
    685 F.3d 217 (2d Cir. 2012)................................................................................................4

*M.W. v. New York City Dep't of Educ.*,
    725 F.3d 131 (2d Cir. 2013)................................................................................................11

**Cases**                                                                                              **Pages**

*Mooney v. City of N.Y.*,
219 F.3d 123 (2d Cir. 2000)....................................................................................................12

*New York City Dep't of Educ. v. S.H.*,
13 Civ. 3499, 2014 U.S. Dist. LEXIS 20743 (S.D.N.Y. Jan. 22, 2014)...................................9

*New York City Department of Education v. C.F.*,
No. 12 Civ. 3188 (AJN), 2013 U.S. Dist. LEXIS 188437
(S.D.N.Y. June 20, 2013).................................................................................................. 13-14

*Phillips v. Banks et al.*,
No. 23-362, slip op. (2d Cir. Mar. 21, 2024) ...........................................................................4

*Pierre v. Dep't of Educ.*,
07 Civ. 6270 (DLC), 2008 WL 2369224, 2008 U.S. Dist. LEXIS 44763
(S.D.N.Y. June 10, 2008)........................................................................................................12

*Polanco v. Porter*,
No. 1:21-cv-10927-MKV, 2023 U.S. Dist. LEXIS 56989
(S.D.N.Y. Mar. 31, 2023) .........................................................................................................6

*R.E. v. New York City Dep't of Educ.*,
694 F.3d 167 (2d Cir. 2012).....................................................................................................2

*R.P. v. Pelham Union Free Sch. Dist.*,
16-cv-02898 (NSR)(TPG), 2017 U.S. Dist. LEXIS 161819
(S.D.N.Y. Sept. 29, 2017).........................................................................................................7

*R.S. v. Bedford Cent. Sch. Dist.*,
899 F. Supp. 2d 285 (S.D.N.Y. 2012)...........................................................................7, 10, 13

*Rutherford v. Fla. Union Free Sch. Dist.*,
No. 16-CV-9778 (KMK), 2019 WL 1437823, 2019 U.S. Dist. LEXIS 55971
(S.D.N.Y. Mar. 29, 2019) .........................................................................................................8

*State of N.Y. Dep't of Soc. Servs. v. Shalala*,
21 F.3d 485 (2d Cir. 1994).......................................................................................................4

*T.K. v. New York City Dep't of Educ.*,
810 F.3d 869 (2d Cir. 2015)......................................................................................................3

*T.W. v. Spencerport Cent. Sch. Dist.*,
891 F. Supp. 2d 438 (W.D.N.Y. 2012) ...................................................................................10

*U.S. D.I.D. Corp. v. Windstream Communs., Inc.*,
775 F.3d 128 (2d Cir. 2014)....................................................................................................12

**<u>Cases</u>**                                                                            **<u>Pages</u>**

*In re WorldCom, Inc.*,
   708 F.3d 327 (2d 2013)......................................................................... 11-12

**<u>Statutes</u>**

8 N.Y.C.R.R. § 200.5(k) .......................................................................................5

8 N.Y.C.R.R § 279.4............................................................................................6, 10

8 N.Y.C.R.R. § 279.4(a) ......................................................................................5, 6

8 N.Y.C.R.R § 279.4(d).......................................................................................7

8 N.Y.C.R.R § 279.11(b)......................................................................................6

8 N.Y.C.R.R. § 279.13..........................................................................................8, 13

20 U.S.C. § 1400(d)(1)(A)....................................................................................2

20 U.S.C. § 1400 et seq........................................................................................1

20 U.S.C. § 1401...................................................................................................2

20 U.S.C. § 1415(i)(1)(B).....................................................................................3

20 U.S.C. § 1415(i)(2)(A).....................................................................................3

20 U.S.C. § 1415(b)(6) .........................................................................................2

20 U.S.C. § 1415(f)(1)(A).....................................................................................2

20 U.S.C. § 1415(g)(1) .........................................................................................3, 5

28 U.S.C. § 1331...................................................................................................14

34 C.F.R. § 300.514(b)(1).....................................................................................5

Local Civil Rule 56.1.............................................................................................3, 5

**Statutes**                                                                                                    **Pages**

N.Y. Educ. Law § 4401(2)(c) ...........................................................................................3

N.Y. Educ. Law § 4402(1)(b)(1) ......................................................................................2

N.Y. Educ. Law § 4402(2)....................................................................................................4

N.Y. Educ. Law § 4404(1)(a) ............................................................................................2

N.Y. Educ. Law § 4404(2)..................................................................................................3

N.Y. Educ. Law § 4404(3)(a) ............................................................................................3

**Other Authorities**

28 Am. Jur. 2d Estoppel and Waiver § 192 (2011) .......................................................12

## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted by Defendant New York City Department of Education ("DOE") in opposition to Plaintiffs' motion for summary judgment and in support of DOE's cross-motion for summary judgment.

Plaintiffs M.K. and S.H. ("the Parents"), individually and on behalf of their child M.K. ("the Student"), a student classified with a disability under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400 et seq. ("IDEA"), bring this action to challenge a State Review Officer's ("SRO") final decision which dismissed as untimely their appeal of an unfavorable findings of fact and decision ("FOFD") issued by an impartial hearing officer that denied funding at M.K.'s unilateral placement for the 2022-23 School Year ("SY"). ECF 1-2 (Plaintiffs' Ex. B); R: SD1-9. Plaintiffs ask this Court to remand this matter to the SRO for a ruling on the merits. Complaint, ECF No. 4 ("Compl."), at 10; *see generally*, Plaintiffs' Motion for Summary Judgment, dated April 14, 2025, ECF No. 31 ("Pl. Memo").

This is a simple matter. Plaintiffs failed to initiate a timely appeal that complies with the relevant regulations; they do not meaningfully contest this procedural fatality. Instead, Plaintiffs argue inadequate and easily avoidable "cause" for their failure to timely initiate the appeal should excuse this procedural failure. Further, Plaintiffs construe a typical professional exchange with the New York City Department of Education ("DOE") attorneys as an intentional waiver of service. This is not the case.

Plaintiffs have the burden to prove that SRO Krolak's February 28, 2024 decision, R: SD1-9 (the "SRO decision"), to deny the appeal as untimely was arbitrary and capricious. SRO Krolak was well within his discretion to dismiss this appeal where Plaintiffs blame the appeal's lateness on foreseeable technological difficulties wholly within Plaintiffs' control. Similarly, Plaintiffs fail to show how an acknowledgement of the untimely appeal by the attorney who was not handling

the matter constituted waiver of a procedural fatality. Their remaining arguments regarding equitable tolling are a distraction, unsupported by case law or any other authority, and meritless.

For the foregoing reasons explained more fully herein, this Court should affirm SRO Krolak's decision and deny Plaintiffs' motion for summary judgment in its entirety, and grant Defendant's cross-motion for summary judgment.

## STATUTORY SCHEME

Congress enacted the IDEA to promote the education of students with disabilities. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 238-39 (2009). The IDEA provides that a child with a disability must receive a free and appropriate public education ("FAPE"), which includes special education and related services provided at public expense. 20 U.S.C. § 1400(d)(1)(A). These services must meet the standards of the State educational agency and be provided in conformity with an individualized education program ("IEP") for each such student. 20 U.S.C. § 1401; *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982). In New York, the State has assigned responsibility for developing IEPs to local Committees on Special Education ("CSE"), comprised of members appointed by the local school district's board of education. *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012) (citing N.Y. Educ. Law § 4402(1)(b)(1)). The CSE must examine the student's level of achievement and specific needs and determine an appropriate IEP for the school year. *R.E.*, 694 F.3d at 175 (citing *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 107-08 (2d Cir. 2007).

The IDEA sets forth procedures for a parent to present a complaint regarding the educational placement of a student, including a complaint regarding the student's IEP. *See* 20 U.S.C. § 1415(b)(6). Parents or guardians must file a due process complaint outlining their grounds for challenging the IEP before they are entitled to a hearing before an Impartial Hearing Officer

2

("IHO"). *See* 20 U.S.C. § 1415(f)(1)(A); N.Y. Educ. Law § 4404(1)(a). While the burden is on the District or DOE to prove the student was provided a FAPE, the parent bears the burden of establishing that any unilateral placement was appropriate for the student. N.Y. Educ. Law § 4401(2)(c); *T.K. v. New York City Dep't of Educ.*, 810 F.3d 869 (2d Cir. 2015). *See also Bd. of Educ. of the Yorktown Cent. Sch. Dist. v. C.S.*, 357 F. Supp. 3d 311, 320 (S.D.N.Y. 2019) ("The school district has the burden of proving its IEP offered the student a FAPE. If the district fails to carry this burden, the parents bear the burden of establishing the appropriateness of their private placement and that the equities favor them.") (internal citations and quotations omitted).

In New York State, an IHO's decision may be appealed by either party to the State Education Department's Office of State Review within 40 days of the decision's release where the SRO will independently review the findings and decision rendered by the IHO. 20 U.S.C. § 1415(g)(1); N.Y. Educ. Law § 4404(2). The SRO is empowered to modify "any determination of the impartial hearing officer" relating to the selection of an appropriate special education program or service. N.Y. Educ. Law § 4404(2). Although the SRO's decision is considered final, a party aggrieved by that administrative decision may bring an action for relief in state or federal district court. 20 U.S.C. §§ 1415(i)(1)(B), (2)(A); N.Y. Educ. Law § 4404(3)(a).

### STATEMENT OF FACTS

Defendant respectfully refers the Court to Defendant's Response to Plaintiffs' Local Civil Rule 56.1 Statement and Statement of Additional Material Facts not in Dispute ("Statement of Facts") for a statement of the relevant undisputed facts upon which this motion is based, as well as the relevant disputed facts. In brief, on February 21, 2023, Plaintiffs filed a Due Process Complaint ("DPC") seeking tuition at a private school for the 22-23 SY. R: 13. The IHO issued an FOFD on October 31, 2023 denying Plaintiffs' request. Plaintiffs emailed a Request for Review of this decision on December 12, 2025. P:48. On February 28, 2024, the SRO issued a decision

3

finding that the RFR was submitted late and accordingly dismissed the appeal as untimely. R: SD 1-9. Plaintiffs filed this federal action on July 2, 2024. (ECF No. 4).

## ARGUMENT

## LEGAL STANDARD

In New York, the federal court reviews the determinations by the IHO and the SRO, and the records that were before them upon which they based their decisions; most significant is the determination of the SRO who is the final state administrative arbiter of questions relating to the IDEA. N.Y. Educ. Law § 4402(2). Plaintiff bears the burden of challenging the SRO decision. *Phillips v. Banks et al.*, No. 23-362, slip op. at 5 (2d Cir. Mar. 21, 2024) ("When parents seek to overturn an SRO's decision, they bear the burden of demonstrating that the decision was insufficiently reasoned or supported."). *See also M.H. v. New York City Dep't Of Educ.*, 685 F.3d 217, 225 n.3 (2d Cir. 2012). Courts will uphold SRO dismissals of appeals as untimely unless that decision was arbitrary and capricious. When determining whether a SRO's decision was 'arbitrary and capricious,' courts must determine whether the decision 'was based on [] consideration of [] relevant factors and whether there has been a clear error of judgment." *Avaras v. Clarkstown Cent. Sch. Dist.*, 18-cv-6964 (NSR), 2019 U.S. Dist. LEXIS 162087, 2019 WL 4600870, at *11 (S.D.N.Y. Sept. 21, 2019) (quoting *State of N.Y. Dep't of Soc. Servs. v. Shalala*, 21 F.3d 485, 492 (2d Cir. 1994)).

## POINT I

### PLAINTIFFS APPEAL OF THE IHO DECISION WAS UNTIMELY

A.    **Plaintiffs do not Provide Good Cause for their Untimely Appeal**

Plaintiffs cannot and do not dispute that Plaintiffs' appeal to the SRO or Request for Review ("RFR") was not received by the DOE until December 12, 2023, the day following the time to

appeal had expired. Nor can they claim that the required notice of the RFR was attached. Defendant's Response to Plaintiffs' Local Civil Rule 56.1 Statement And Statement Of Additional, ¶ mm; ("Statement of Facts"). *See also* ECF No. 1-3, at 7.

Under the IDEA, "any party aggrieved by the findings of fact and decision" of an IHO "may appeal such findings and decisions to the State educational agency" 20 U.S.C. § 1415(g)(1); *see also* 34 C.F.R. § 300.514(b)(1); 8 N.Y.C.R.R. §§ 200.5(k), 279.4(a). An appeal to the SRO must be made within forty (40) days of the date of the IHO decision. 8 N.Y.C.R.R. § 279.4(a). "Courts in this Circuit have held that—absent good cause shown—a party who fails to make a timely appeal to the SRO, or fails to timely serve the respondent, has failed to [exhaust administrative remedies]" and so the Court lacks subject matter jurisdiction over their claims. *B.C. v. Pine Plains Cent. Sch. Dist.*, 971 F. Supp. 2d 356, 365 (S.D.N.Y. 2013). Good cause is defined as an event over which the filing party had no control. *Id.* at 367. An SRO's decision to dismiss or excuse a party's untimely appeal must be upheld unless it is arbitrary and capricious. *See, e.g., Grenon v. Taconic Hills Cent. Sch. Dist.*, No. 05-CV-1109, 2006 U.S. Dist. LEXIS 91450, 2006 WL 3751450, at *5 (N.D.N.Y. Dec. 19, 2006).

Here, good cause for the untimely service is clearly absent. On October 31, 2023, the IHO denied the parents' claim for tuition reimbursement, finding the Parents failed to carry their burden to demonstrate that the unilateral placement at Three Points Center was an appropriate placement for K.H. *See* IHO Decision, R: 121. ("There is not enough evidence in the hearing record to find that the Private School provides the Student with educational instruction specially designed to meet her unique needs, supported by such services as were necessary to permit the Student to benefit from instruction.").

Accordingly, the final day for Plaintiffs to serve their appeal was December 11, 2023;[1] the Parents, however, did not serve the appeal until the early morning of December 12, 2023. R: SD7; P: 48. The Memorandum of Points and Authorities and Proof of Service were not served until fifteen matters later. Statement of Facts ¶ bb; R: P65. The Notice of Request for Review was not attached to either of these emails. Statement of Facts ¶¶ bb, cc; R: P67-69. Plaintiffs do not meaningfully contest this timeline. *See* SRO decision, R: SD8. ("[T]he parent essentially concedes that the appeal documents, consisting of the notice of request for review, request for review, affidavit of verification, and memorandum of law, were not timely served on December 11, 2023."). *See also* 8 NYCRR § 279.4 ("A party seeking review (petitioner) shall personally serve **a notice of request for review** and a request for review upon the opposing party (respondent) within 40 days after the date of the decision of the impartial hearing officer sought to be reviewed.") (emphasis added).

As discussed more fully below, Plaintiffs lack good cause for the untimeliness. As neither party timely appealed the final order of the IHO, the IHO's decision to deny public funding of the tuition of K.H.'s 2022-23 SY tuition is binding. *See Polanco v. Porter*, No. 1:21-cv-10927-MKV, 2023 U.S. Dist. LEXIS 56989, at *2-3 (S.D.N.Y. Mar. 31, 2023) ("[A]n appeal of an IHO's decision to an SRO must be initiated … within 40 days of the IHO's decision. 8 N.Y.C.R.R. § 279.4(a).").

This Court has held that a late filing to the SRO absent good cause constitutes failure to exhaust administrative remedies and must be dismissed because a federal court lacks subject matter jurisdiction over these claims. *See Polanco* 2023 U.S. Dist. LEXIS 56989, at *11-12 (finding

---

[1] The appeal was not due on December 10, 2023 because that date was a Sunday and, so, the following business day became the due date. 8 NYCRR § 279.11(b).

plaintiff did not exhaust her administrative remedies because she failed to timely file a petition for review with the SRO when untimeliness was due to a clerical error); *R.P. v. Pelham Union Free Sch. Dist.*, 16-cv-02898 (NSR)(TPG), 2017 U.S. Dist. LEXIS 161819, *12 (S.D.N.Y. Sept. 29, 2017) (finding that the SRO's dismissal of the late filing when "parents' attorneys admittedly misinterpret[ed] the regulations and miscalculated the dates upon which to timely serve the petition" was not arbitrary and capricious); *R.S. v. Bedford Cent. Sch. Dist.,* 899 F. Supp. 2d 285, 288-89 (S.D.N.Y. 2012) (finding that parent seeking tuition reimbursement under the IDEA failed to exhaust administrative remedies thereby depriving the court of subject matter jurisdiction, where parent timely served counsel, but did not serve the school district itself until one day after the deadline).

As an initial matter, Plaintiffs' central argument hinges on the proposition that service is complete at the time of sending, in this case when the Parents' attorney clicked "send" on an email to DOE. Statement of Facts ¶¶ bb. This is simply not the case. "Service shall be complete **upon delivery** to the party being served." 8 NYCRR § 279.4(d) (emphasis added). The RFR was not delivered until after midnight, R: P48, while the remaining documents necessary to effectuate the appeal were also delivered to the DOE ad hoc and untimely. R: P65-69.

In the alternative, Plaintiffs argue foreseeable and typical technological issues constitute good cause, and (without citing to any authority), that good faith efforts to remediate untimely service cures this fatal procedural defect.

> Plaintiff promptly cured the omission. The technical error was due to a scanner malfunction. Within hours, Plaintiff re-served the complete submission, including the Memorandum of Law and Proof of Service. Plaintiff also promptly contacted DOE counsel[.] … DOE attorneys were promptly notified, had actual notice, and were not prejudiced by the brief and corrected delay.

Pl. Memo, 8.

7

A technical error and good-faith efforts to put Defendants on notice of the untimeliness does not constitute good cause and wrongly allows Plaintiffs' counsel to evade responsibility in this matter. As SRO Krolak explained, "[i]t was entirely foreseeable that problems with scanners, computers, and emails could arise and, further, that the email would not be delivered instantaneously and, instead, at least a few seconds for delivery would be required, thereby causing the documents to be untimely served the next day." R: SD8.

Anyone who has daily experience with email – and Plaintiffs' counsel, given her profession, certainly does – understand that transmission of an email from the outbox to the intended inbox is delayed by several seconds or even several minutes. Further, daily experience with technology serves as notice that technology, like scanners, sometimes malfunction. It is prudent to buffer in additional time to accommodate technological hiccups. *See Rutherford v. Fla. Union Free Sch. Dist.*, No. 16-CV-9778 (KMK), 2019 WL 1437823, 2019 U.S. Dist. LEXIS 55971, at *59-60 (S.D.N.Y. Mar. 29, 2019) (finding technical difficulties, even compounded with other issues that caused delay, do not excuse late service because they do not constitute circumstances beyond plaintiff's control).[2]

Plaintiffs' counsel cannot shirk their responsibility to ensure timely service by blaming the routine minor hardships of email service – a service choice that, as SRO Krolak pointed out, provides ease in some respects and difficulties in others. "[W]hile service by email may afford

---

[2] Plaintiffs also insist that the appeal only contained minimal technical violations. 8 N.Y.C.R.R. § 279.13 explicitly requires that the reasons for failing to timely serve an appeal must be set forth in the RFR. Plaintiffs did not do so. *See also M.G. v. Rye City Sch. Dist.*, No. 23-CV-9742 (CS), 2025 WL 343617, 2025 U.S. Dist. LEXIS 17245, *10-11 (S.D.N.Y. Jan 30, 2025). Plaintiffs' neglect extends beyond simply failing to timely appeal, which alone would be sufficient grounds to affirm the SRO's decision.

litigants greater flexibility and convenience, it comes with sacrifices to the formality and assurances that personal service affords." R: SD8. Typical technological challenges should not constitute good cause for a late filing. To find otherwise would provide a basis for any technological blip to be grounds to cure procedural deficiencies. It is completely with the SRO's discretion to find typical technological challenges do not relieve Plaintiffs' counsel of their obligation to comply with the relevant regulations and timelines.

This Court frequently upholds SRO dismissals for untimeliness when the reason for the untimeliness is "foreseeable." *New York City Dep't of Educ. v. S.H.*, 13 Civ. 3499, 2014 U.S. Dist. LEXIS 20743, *16 (S.D.N.Y. Jan. 22, 2014) (upholding SRO's dismissal of appeal when appellant waited "until the last minute" to attempt to effectuate service and the barriers were foreseeable).

To Plaintiffs' repeated point that they immediately rectified the error and, so, deserve greater leniency, this argument is neither supported by case law nor the relevant regulations, and is not an accurate reflection of the facts of this case. The Parents' attorney emailed the DOE attorney on December 13th and he responded within the hour, suggesting a time to speak that afternoon. R: P68. She did not respond until after the suggested time had passed and suggested the following day. *Id.* She did not finally follow up with the Notice of the RFR until December 14th – three days after the window to appeal closed. R: P67.

Moreover, it is not the DOE's obligation to be automatically and immediately available to help Parents' attorney rectify their error. The more reasonable remedy was to contact the SRO to address the error, which she admittedly did not do. *See e.g.*, Compl. ¶ 31; Statement of Facts ¶ ee.

The fact that the delay was arguably de minimus does not mean the SRO's dismissal was arbitrary and capricious. This Court routinely upholds dismissals pursuant to untimeliness regardless of the length of delay. *Avaras v. Clarkstown Cent. Sch. Dist.*, 18-cv-6964 (NSR), 2019

9

WL 4600870, 2019 U.S. Dist. LEXIS 162087, *29 fn. 7 (S.D.N.Y. Sept. 21, 2019) ("[C]ourts routinely hold parents to the IDEA's exhaustion requirements when their appeals are untimely, regardless of the length of delay") (citing cases). Moreover, the service of the notice of review was at least three days late, a substantive and fatal delay where this Court routinely uphold delays of a single day. *R.S.*, 899 F. Supp. 2d at 291 (concluding that plaintiff failed to exhaust remedies where appeal was one day late). *See also* 8 NYCRR § 279.4 ("A party seeking review (petitioner) shall personally serve **a notice of request for review** and a request for review upon the opposing party (respondent) within 40 days after the date of the decision of the impartial hearing officer sought to be reviewed.") (emphasis added).

The cases Plaintiffs cite to justify good cause are distinguishable. In *T.W. v. Spencerport Cent. Sch. Dist.*, 891 F. Supp. 2d 438 (W.D.N.Y. 2012), the court granted a 12(b)(6) motion affirming the dismissal of a federal action where the appeal to the SRO was 27 days late. The fact that Plaintiffs' delay was not so egregious does not support the proposition that procedural requirements may be ignored or bent without good cause. Indeed, this case directly contradicts her point as the Court here explained "computer difficulties do not comprise good cause[.]" *Id.* at 441.

*L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900 (9th Cir. 2009) is both out of circuit and also not on point. The Ninth Circuit reversed a district court's decision as clearly erroneous where there was a minor error in the implication of a California Education regulation and the error did not prevent the parents' participation in developing their child's IEP at the time. The district court there misapplied a "harmless error" legal doctrine, *id.* at 910, a precedent that does not exist in this Circuit. Moreover, the crux of the Ninth Circuit's opinion was that not all procedural errors result in a denial of FAPE. *Id.* The procedural flaw in that case went to the substantive concerns of the IDEA, which is a concern also recognized in this jurisdiction. *See M.W. v. New York City*

10

*Dep't of Educ.*, 725 F.3d 131, 139 (2d Cir. 2013) (noting a parent must articulate how a procedural violation resulted in an inadequate IEP or denied the Student a FAPE to warrant tuition reimbursement). However, while procedural errors that directly impact the provision of FAPE must be shown to cause a degree of prejudice, this Court does not recognize a parallel application of how procedural errors affect timely appeals.

**B.      Mr. Reimels' Acknowledgement of the Parents' Attorney's Email Does not Constitute Waiver**

Plaintiffs allege that DOE's acknowledgement (by attorney Brian Reimels) of their attorneys' email alerting DOE to the lateness of their service and DOE's lack of informal objection constituted DOE's waiver of the appeal's procedural defects. *See e.g.*, Pl. Memo,  8 ("The conduct by the DOE representatives in this matter is demonstrative of waiver by conduct."). It does not. Mr. Reimels merely extended a professional courtesy by acknowledging receipt of counsel's email, which action constituted, at most, acknowledgement of Plaintiffs' position on the matter – far from agreement with that position. The fact that DOE did not immediately object to the late service also is of no consequence. DOE objected through the correct and only substantively meaningful legal vehicle – its formal opposition to Plaintiffs' appeal to the SRO. R: SD8. Plaintiffs, citing to almost no authority, conclusory and repeatedly assert that this single email exchange constitutes waiver of procedural arguments.[3] Plaintiffs only cite to *In re WorldCom, Inc.*, 708 F.3d 327 (2d 2013)[4] (waiver by conduct occurs when a party "intentionally relinquishes or

---

[3] Plaintiffs also, without elaboration, describes the DOE attorneys as "misleading" her about who was handling the case. Pl.  Memo, 8. There is nothing in the record to suggest any DOE attorney attempted to mislead the Parents' attorney about who would be handling the appeal. They responded promptly to her inquiries and clarified when there was confusion. R: P65-69.

[4] *In re WorldCom, Inc.*, 708 F.3d 327 (2d 2013) does not support Plaintiffs' proposition. However, the cited proposition is recognized in this Circuit.

abandons a known right."). A more thorough definition of what waiver means in this jurisdiction is illuminating. Waiver is never granted lightly and must be shown by clear and unequivocal conduct, rather than mere neglect.

> Waiver is the "intentional relinquishment of a known right." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 61 (2d Cir. 1999). Although we have recognized that waiver "may be inferred from the conduct of the parties," we have emphasized that "**[t]he conduct said to constitute a waiver must be clear and unequivocal, as waivers are never to be lightly inferred**." *Mooney v. City of N.Y.*, 219 F.3d 123, 131 (2d Cir. 2000) (internal quotation marks omitted). "We will infer a waiver only where the parties were aware of their rights and made the conscious choice, for whatever reason, to waive them." *Id.* (internal quotation marks omitted). "Mere negligence, oversight, or thoughtlessness does not create a waiver." 28 Am. Jur. 2d Estoppel and Waiver § 192 (2011).

*U.S. D.I.D. Corp. v. Windstream Communs., Inc.*, 775 F.3d 128, 136 (2d Cir. 2014) (emphasis added).

The bar of intentional waiver in this jurisdiction is not met through a casual email exchange, especially when DOE did timely object to service to the SRO. *See generally*, SRO Decision; R: SD1-9. The mere fact that DOE had notice of Plaintiffs' position is insufficient to constitute waiver. *See Pierre v. Dep't of Educ.*, 07 Civ. 6270 (DLC), 2008 WL 2369224, 2008 U.S. Dist. LEXIS 44763, *5 (S.D.N.Y. June 10, 2008) (fact that the defendants had actual notice of action through receipt of the petition does not cure defective service).

Further, Mr. Reimels informed the Parents' attorney he would not be handling the appeal. R: P67. In so doing, he put the Parents' attorney on notice that he was not responsible for litigation strategy, especially a decision as significant as waiving the appeal's procedural deficiencies.

## C.    Plaintiffs' Remaining Arguments are Meritless

Plaintiffs allege that DOE suffered no prejudice from their admittedly untimely service. Pl. Memo, 8. An alleged absence of prejudice resulting from untimely service, however, does not

make SRO Krolak's decision arbitrary and capricious. This Court has never required a showing of prejudice to affirm an SRO's dismissal of a late appeal and such a showing cannot be a substitute for good cause. *See B.C. ex rel B.M. v. Pine plains cent. Sch. Dist.*, 971 F. Supp. 2d 356, 367 (S.D.N.Y. 2013) ("Though the S.R.O, in its discretion, might consider whether a party has suffered prejudice, the regulations require a showing of good cause to excuse untimeliness — and here, plaintiff provided none."). *See, also R.S.* 899 F. Supp. 2d at 288-89. Moreover, delays, even minor ones, prejudice DOE through the creation of unpredictability. DOE will be unable to plan how to use its limited resources if delayed appeals, without good cause, can still be prosecuted.

Plaintiffs also distract the Court with unfounded arguments about equitable and jurisdictional tolling. Pl. Memo, 10-11. Plaintiffs cannot circumvent the established timing constraints of 8 NYCRR § 279.13 and the IDEA based on a theory unsupported by case law. To do so would unjustifiably alter the "arbitrary and capricious" standard to an inexplicably burrowed and confusing one that serves only Plaintiffs' interests.

Moreover, Plaintiffs' theory relies on a self-serving and unsupported interpretation of 8 NYCRR § 279.13 – that is an interpretation solely of state law with ancillary references to federal case law. Pl. Memo, 7-8. Plaintiffs essentially ask this Court to consider a novel interpretation of a New York state regulation, which undermines or even negates their assertion of a federal question.

This Court has found that SRO appeals based solely on untimeliness are a pure question of state law because, absent a ruling on substantive IDEA claims, they rely solely on interpretations of implementing state law and regulations. When diversity jurisdiction is lacking, this then deprives the Court of subject matter jurisdiction. In *New York City Department of Education v. C.F.*, No. 12 Civ. 3188 (AJN), 2013 U.S. Dist. LEXIS 188437, at *9 (S.D.N.Y. June 20, 2013),

13

this Court held that it did not have jurisdiction over an SRO's timeliness determination where no substantive IDEA. Despite that the claim was brought under the IDEA, the court found that it did not have subject matter jurisdiction over the claim, because the questions presented—whether the City's service was timely and whether the SRO abused its discretion in not excusing any untimeliness—"turn[ed] exclusively on interpretation of state regulations."

Here, Plaintiffs' argument turns on how to toll a state regulation. To the extent the Court wishes to consider Plaintiffs' convoluted interpretation of tolling of a state regulation, which it should not, this Court should decline to exercise jurisdiction because no federal question is before it. 28 U.S.C. § 1331.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiffs' motion for summary judgment in its entirety, grant Defendant's cross-motion for summary judgment in its entirety, enter judgment in Defendant's favor, and award Defendant's such other and further relief as this Court deems just and proper.


Dated:       May 28, 2025
             New York, New York


                              **MURIEL GOODE-TRUFANT**
                              *Corporation Counsel of the City of New York*
                              Attorney for Defendant
                              100 Church Street
                              New York, NY 10007
                              t: (212) 356-2624


                              By:        /s/
                                       Jordan Doll
                                       *Assistant Corporation Counsel*


14