**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------
M.K. and S.H. on behalf of minor K.H.

                       Plaintiffs,

    - against -

                                  ECF

New York City Department of Education,         Case No.: 1:24-cv-4900

                                  Hon.: Laura Taylor Swain

                Defendant.
------------------------------------------------------------------

## MEMORANDUM OF LAW IN FURTHERANCE SUPPORT OF PLAINTIFF'S SUMMARY JUDGMENT MOTION AND IN OPPOSITION TO DEFENDANT'S CROSS MOTION

Dated: June 25, 2025
     Brooklyn, New York

                        By: _____/s/_____
                        Kimberly C. Tavares (4531612)
                        Law Office of Kimberly C. Tavares
                        955 Coney Island Avenue
                        Suite 210
                        Brooklyn, NY 11230
                        kcoleman.tavares@gmail.com
                        917.300.8435

TABLE OF CONTENTS

PRELIMINARY STATEMENT                                                          1

I.    PLAINTIFF'S TIMELY SERVED THEIR REQUEST FOR
      REVIEW UNDER THE APPLICABLE REGULATIONS                                  1

II.   DOE WAIVED ANY OBJECTION TO SERVICE BY ITS CONDUCT                       2

III.  PLAINTIFFS ESTABLISHED GOOD CAUSE TO EXCUSE ANY                          3
      TECHNICAL DEFECT

IV.   THE SRO ABUSED ITS DISCRETION BY RIGIDLY APPLYING                        3
      THE PROCEDURAL RULE WHEN THERE HAS BEEN NO PREJUDICE TO
      THE DOE

V.    THE SRO RELIED ON INAPOSITE AND DISTINGUISHABLE                          4
      PRECEDENT

VI.   EQUITABLE TOLLING APPLIES UNDER THE CIRCUMSTANCES                        4

VII.  DEFENDANT'S CITED AUTHORITY IS DISTINGUISHABLE                           5
      AND SUPPORTS PLAINTIFF'S POSITION WHEN PROPERLY
      APPLIED

VIII. THE IDEA REQUIRES SUBSTANTIVE ACCESS TO JUDICAL                          7
      REVIEW AND EQUITABLE RESOLUTION

IX.   SUBJECT MATTER JURISDICTION IS PROPERLY INVOKED                          8
      IN THIS CASE

CONCLUSION                                                                     9

**TABLE OF AUTHORITIES**

<u>**Cases**</u>

- *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 18-cv-6964 (NSR), 2019 WL 4600870 (S.D.N.Y. Sept. 22, 2019)    4,6

- *Bd. of Educ. v. Rowley*, 458 U.S. 176 (1982)    7

- *Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198 (2d Cir. 2007)    8

- *D.D. ex rel. V.D. v. NYC Dep't of Educ.*, 465 F.3d 503 (2d Cir. 2006)    9

- *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230 (2009)    7

- *Heldman v. Sobol,* 962 F.2d 148 (2d Cir. 1992)    8

- *In re WorldCom, Inc.,* 708 F.3d 327 (2d Cir. 2013)    3,7

- *J.D. v. NYC DOE*, 2015 WL 7288647 (S.D.N.Y. 2015)    4

- *M.A. v. New York City Dep't of Educ.*, 1 F. Supp. 3d 125 (S.D.N.Y. 2014)  2

- *M.H. v. NYC Dep't of Educ.*, 685 F.3d 217 (2d Cir. 2012)    8

- *New York City Dep't of Educ.* v. C.F., No. 12 Civ. 8676 (CM), 2013 U.S. Dist. LEXIS 188437 (S.D.N.Y. June 20, 2013)    9

- *NYC DOE v. S.H.,* No. 21-cv-10468 (JPO), 2022 WL 17094615 (S.D.N.Y. Nov. 21, 2022)    4,6

- *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)    9

- *R.P. v. Pelham Union Free Sch. Dist.,* No. 18-CV-11559 (KMK), 2019 WL 6840136 (S.D.N.Y. Dec. 16, 2019)    6

- *R.S. v. Bedford Cent. Sch. Dist., No. 18-CV-11015 (NSR), 2019 WL 1433042 (S.D.N.Y. Mar. 29, 2019)*    6

- *Rosenthal v. Walker*, 111 U.S. 185 (1884)    2

- *Rutherford v. Fla. Union Free Sch. Dist.,* No. 16-CV-9778 (KMK),    6
  2019 WL 1437823 (S.D.N.Y. Mar. 29, 2019)

- *Wexel v. Bd. of Educ.*, 287 F.3d 138 (2d Cir. 2002)    8

**STATUTES**

20 U.S.C. § 1415(i)                                              10
20 U.S.C. § 1415(i)(2)(A)                                        8
20 U.S.C. § 1400 et seq.                                         1

**RULES**

8 NYCRR § 279.4                                                  9
8 NYCRR § 279.11(b)                                              1
8 NYCRR § 279.13                                                 3
CPLR 2103                                                        2
CPLR 2103(b)(6)                                                  2
Fed. R. Civ. P. 5                                                2

PRELIMINARY STATEMENT

Plaintiffs respectfully submit this memorandum in opposition to Defendant New York City Department of Education's ("DOE") cross-motion for summary judgment and in further support of their own motion seeking reversal of the February 28, 2024 decision of the State Review Officer ("SRO"), which dismissed their administrative appeal on procedural grounds. As demonstrated below, the SRO's decision was arbitrary and capricious, ignored the factual record, and unjustly elevated form over substance, contrary to the purposes of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.

I.

PLAINTIFFS TIMELY SERVED THEIR REQUEST

FOR REVIEW UNDER THE APPLICABLE REGULATIONS

Contrary to Defendant's assertion, the record shows that Plaintiffs' Request for Review (RFR) was served on December 11, 2023, at 11:59 PM—within the 40-day deadline extended to Monday by operation of 8 NYCRR § 279.11(b). (R. 119) The DOE does not dispute that the email containing the RFR was received. Even if there was a nominal delay in email receipt—by a matter of seconds—there is no regulatory requirement barring end-of-day service, and no legal authority cited by DOE supports the proposition that such a de minimis delay justifies dismissal. Courts have repeatedly emphasized that minor procedural errors must not obstruct access to judicial review under IDEA, especially where no prejudice occurs.

Additionally, even if there were any question about when the DOE actually opened or read the email, service should be deemed timely under the common-law mailbox rule, which creates a presumption that documents properly addressed and dispatched via mail (or its modern

1

analogs, such as email, when accepted by the receiving party) are received in the ordinary course. The RFR was emailed to DOE counsel on December 11, 2023 at 11:59 PM.(R.119) The mailbox rule presumes receipt, and DOE does not dispute actual receipt. Given the DOE's prior agreement to accept service by email, this presumption of timely receipt should apply with full force. To hold otherwise would improperly elevate milliseconds over meaningful service and undermine the fairness principles underlying procedural deadlines in IDEA cases.(*Rosenthal v. Walker*, 111 US 185 (1884), *M.A. v. New York City Dep't of Educ.*, 1 F. Supp. 3d 125, 141 (S.D.N.Y. 2014)

Moreover, under CPLR 2103(b)(6), Service by electronic means (such as email) is deemed complete upon transmission, provided the party consented.  In the case at bar, it is indisputable that the DOE consent to accepted service by email/electronic means.  As a result, the service is complete upon transmission which in this case means that service was complete at 11:59 PM which is within the time of service. (R.119)

Under federal common  law, FRCP 5, CPLR 2103 and case law, service by mail or email is deemed complete upon dispatch, not actual receipt, provided the method was agreed upon. The DOE's consent to email service, coupled with the undisputed dispatch at 11:59 PM renders service timely under both federal and New York law.

II.

DOE WAIVED ANY OBJECTION TO SERVICE BY ITS CONDUCT

DOE's conduct amounts to waiver of any service objections. DOE counsel expressly consented to service via email, confirmed receipt of documents, requested and received extensions, and accepted late submissions without protest. Under Second Circuit law, waiver by

2

conduct occurs when a party 'intentionally relinquishes or abandons a known right.' See *In re WorldCom, Inc.*, 708 F.3d 327 (2d Cir. 2013). The DOE's conduct—silently accepting and responding to Plaintiff's communications, without objection—reasonably led Plaintiffs to believe service was complete.(R. 123,124) Having lulled Plaintiffs into that belief, DOE cannot now wield technicalities to invalidate the appeal.

## III.

## PLAINTIFFS ESTABLISHED

## GOOD CAUSE TO EXCUSE ANY TECHNICAL DEFECT

Even if the Court finds a minor technical defect, it was excusable for good cause. Plaintiff's counsel encountered scanner malfunctions and promptly took steps to correct the issue within hours. No prejudice occurred. Courts have excused far more substantial procedural issues when parties acted diligently and in good faith. Indeed, Defendant fails to cite any case in which a similarly minor, corrected omission was found fatal under 8 NYCRR § 279.13. The equities here—actual notice, curative conduct, DOE's consent—require leniency consistent with the IDEA's purpose.

## IV.

## THE SRO ABUSED ITS DISCRETION BY RIGIDLY

## APPLYING THE PROCEDURAL RULE WHEN THERE

## HAS BEEN NO PREJUDICE TO THE DOE.

Plaintiff contends that the SRO elevated form over substance. The DOE had actual, timely notice and accepted the missing Notice of Request for Review. There was no harm, no surprise, and no

3

disruption to the DOE's ability to participate in the administrative process. In fact, the DOE filed

its opposition and cross-appeal without any claim of confusion or prejudice. As the Southern

District has held, minor technical defects do not justify dismissal when they have no substantive

impact. See *J.D. v. NYC DOE*, 2015 WL 7288647 (S.D.N.Y. 2015). The SRO's refusal to hear

the merits—on the basis of seconds of delay and an omitted attachment later accepted—

undermines the IDEA's goal of protecting vulnerable children.

## V.
## THE SRO RELIED ON INAPPOSITE AND
## DISTINGUISHABLE PRECEDENT

The DOE and SRO rely on decisions like *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 18-

cv-6964 (NSR), 2019 WL 4600870, 2019 U.S.  and *NYC DOE v. S.H.*, No. 21-cv-10468 (JPO), 2022

WL 17094615 (S.D.N.Y. Nov. 21, 2022) but these are inapposite. Those cases involved delays of

days or weeks, or complete failure to cure defects. Here, Plaintiffs acted promptly to correct a

minor issue. DOE attorneys acknowledged receipt of the corrected documents and never

objected until filing a motion. The controlling principle is substantial compliance with no

prejudice—not absolute perfection. The DOE's own failures to comply with deadlines are

routinely forgiven. It should not hold Plaintiffs to a higher standard, particularly in a statute

designed to protect parents and children.

## VI.
## EQUITABLE TOLLING APPLIES UNDER THE CIRCUMSTANCES

Should the Court determine that service was technically late, equitable tolling should be applied. Plaintiffs acted diligently, notified DOE of issues, and took corrective steps immediately. DOE's participation and silence further justify tolling. Under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), equitable tolling applies when a party acts with diligence and encounters extraordinary circumstances. Here, scanner failure combined with DOE's misleading silence and consent suffice. Denying judicial review would reward DOE's strategic silence and impose an unfair procedural bar.

Attorneys routinely enter into agreements regarding service methods, extensions, and procedural timelines to ensure professionalism, efficiency, and mutual respect in litigation. These agreements—often memorialized via email or informal communication—are foundational to legal practice and are essential in managing the high-volume, deadline-driven nature of administrative proceedings like those under the IDEA. In this case, DOE counsel agreed to accept service by email, confirmed that arrangement, and acted in accordance with it. Mr. To now permit the DOE to repudiate that agreement after benefiting from it and participating without objection would not only contradict principles of waiver and equitable estoppel, but would also erode the professional rapport and cooperative norms that attorneys rely on to practice effectively. Courts have long recognized the enforceability and legitimacy of such agreements, and disregarding them in this context would create uncertainty and incentivize bad-faith gamesmanship in future proceedings.

## VII.

### DEFENDANT'S CITED AUTHORITY IS DISTINGUISHABLE AND SUPPORTS PLAINTIFF'S POSITION WHEN PROPERLY APPLIED

The cases cited by the Defendant in support of dismissal are materially distinguishable from the facts presented here and, when properly understood, support Plaintiff's position rather than undermine it.

In *Avaras v. Clarkstown*, the appeal was nine hours late and no good cause was asserted or cured. Here, Plaintiffs served the RFR at 11:59 PM on the final day, with immediate curative action.(119 – 122) In Grenon, the delay was substantial and lacked any corrective steps—again, wholly different from Plaintiffs' conduct here.

In *R.P. v. Pelham*, the attorneys miscalculated the deadline and served the petition several days late, with no agreement to alternate service. Here, the DOE consented to email, was notified immediately of any minor errors, and never objected until later. It is important to note that the consent to service was made by Brian Remiels, who is the supervisor to Kashief Forbes. Kashief Forbes, at all times was copied on the email exchange between Plaintiff's Counsel and Mr. Remiels.  Mr. Forbes was aware that Mr. Remiels had not only consented to service, but stated that Mr. Forbes would be handling the appeal.(R.122)  In spite of being on notice of the foregoing, Mr. Forbes chose to verbalize any objections at the time he filed his Answer with the SRO.  The behavior exhibited by the DOE through this action was not made in good faith and should not inure to the benefit of the DOE.

Defendant also relies on *R.S. v. Bedford*, but in that case, the school district was not timely served and no waiver or acceptance occurred. In contrast, the DOE accepted and responded to all communications in this matter, including re-service of the Notice.

Likewise *Rutherford v. Fla. Union Free Sch. Dist.*, No. 16-CV-9778 (KMK), 2019 WL

1437823 (S.D.N.Y. Mar. 29, 2019)involved multiple compounding delays and no proactive correction, unlike Plaintiff's diligent and prompt conduct here. In *NYC DOE v. S.H.*, the petitioner waited until the last minute and failed to complete service. Here, service was dispatched before the deadline and received by DOE attorneys with no indication of prejudice.

Further, Defendant ignores binding authority such as *In re WorldCom, Inc.*, 708 F.3d 327 (2d Cir. 2013), which affirms that waiver by conduct precludes technical objections. Courts have routinely held that actual notice, acceptance of service, and lack of prejudice weigh heavily against dismissal.

Therefore, not only are the DOE's authorities factually distinguishable, but when viewed in their proper legal context, they reinforce that technical service issues should not be used to bar meritorious IDEA appeals, especially where service was completed in substance and DOE suffered no prejudice.

## VIII.

### THE IDEA REQUIRES SUBSTANTIVE ACCESS TO JUDICIAL REVIEW AND EQUITABLE RESOLUTION

The IDEA's purpose is to ensure children with disabilities receive a free appropriate public education in an accessible, fair manner. Procedural rules should not be wielded to defeat that purpose. See *Bd. of Educ. v. Rowley,* 458 U.S. 176 (1982). Where no prejudice occurs, technicalities must yield to equitable principles. See *Forest Grove,* supra. Here, Plaintiffs' appeal deserves to be heard on its merits.

7

IX.

SUBJECT MATTER JURISDICTION IS PROPERLY INVOKED IN THIS CASE

Even where the SRO dismisses an appeal on procedural grounds, federal courts retain subject matter jurisdiction to review such decisions if they implicate substantive rights under the IDEA. See 20 U.S.C. § 1415(i)(2)(A). This provision authorizes aggrieved parties to bring a civil action with respect to the due process complaint, irrespective of whether the administrative decision addressed the merits.

In *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002), the Second Circuit held that '[t]he IDEA undoubtedly creates a private right of action enforceable in federal court.' Thus, even where procedural disputes arise, federal jurisdiction persists where the underlying complaint implicates denial of FAPE.

Procedural exhaustion requirements under the IDEA may also be excused where pursuing them would be futile or inadequate. See *Coleman v. Newburgh Enlarged City Sch. Dist.,* 503 F.3d 198, 205 (2d Cir. 2007) ('Exhaustion may be excused where it would be futile or inadequate.'); see also *Heldman v. Sobol*, 962 F.2d 148, 159 (2d Cir. 1992) ('[F]ederal courts may determine that exhaustion would be futile and hear a claim that a student has been denied a FAPE.'). Here, the dismissal of the appeal based on milliseconds of delay, despite actual notice and curative actions, renders the administrative process functionally inadequate and warrants judicial intervention.

8

The Second Circuit has emphasized that SRO determinations are subject to judicial review under an 'arbitrary and capricious' standard. See *M.H. v. NYC Dep't of Educ.*, 685 F.3d 217, 240 (2d Cir. 2012) ('Where the district court determines that the SRO's decision is adequately reasoned, it should defer to that decision.'). Here, the SRO's rigid application of a procedural rule—disregarding equitable factors, actual notice, and DOE's own conduct— constitutes a clear error of judgment warranting reversal.

Equitable tolling applies to IDEA claims when a party diligently pursues rights but is prevented by extraordinary circumstances. See *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ('Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'). The Second Circuit similarly recognized in *D.D. ex rel. V.D. v. NYC Dep't of Educ.*, 465 F.3d 503, 512–13 (2d Cir. 2006), that procedural bars should not rigidly preclude access to IDEA remedies, particularly where the equities favor tolling.

While state regulations such as 8 NYCRR § 279.4 govern administrative timelines, federal jurisdiction is not defeated when such rules are applied to undermine the IDEA's guarantees. In *New York City Dep't of Educ. v. C.F.*, 2013 U.S. Dist. LEXIS 188437, at *9 (S.D.N.Y. June 20, 2013), the court acknowledged that where no substantive decision on the merits was made, a pure challenge to state procedure may not invoke jurisdiction. However, where—as here—the denial of a hearing directly impairs access to federally protected educational rights, jurisdiction is properly exercised.

In sum, Plaintiffs challenge not only the procedural handling of their appeal, but the deprivation of their child's right to a free appropriate public education. This federal question lies squarely within the Court's jurisdiction under 20 U.S.C. § 1415(i), and the Court should reject Defendant's attempt to transform a de minimis procedural issue into an insurmountable jurisdictional barrier.

CONCLUSION

For the foregoing reasons, the Court should deny Defendant's cross-motion, grant Plaintiffs' motion, reverse the SRO's dismissal, and remand for a determination on the merits.

10