Index No. 24-cv-04900 (LTS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.K. and S.H., on behalf of K.H.,

*Plaintiffs*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant*.

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-302b
New York, New York 10007

*Of Counsel:* Jordan Doll
*Tel:* (212) 356-2624
*Email:* jdoll@law.nyc.gov
*Matter No. 2024-071392*

## **PRELIMINARY STATEMENT**

Defendant submits this Reply Memorandum of Law in response to Plaintiffs' Opposition to Defendant's Cross-Motion for Summary Judgment ("Pl. Opp."), ECF No. 39, and in further support of their Motion for Summary Judgment, dated May 28, 2025, ECF No. 34 *et seq.*

In their opposition papers, Plaintiffs repeat their conclusory arguments that their appeal was timely and, in the alternative, that the New York City Department of Education ("DOE") waived the appeal's untimeliness through its conduct. Based on the facts and law, both arguments lack merit. Plaintiffs do not cite case law to support their positions and point only to inapplicable authorities, failing to address on point authorities that refute their arguments. Simply put, Plaintiffs' opposition papers present no new or compelling arguments. This remains a simple case of an untimely administrative appeal. The State Review Officer's ("SRO") decision to dismiss for untimeliness should be upheld. Accordingly, it is respectfully submitted that this Court lacks subject matter jurisdiction over these claims.

**ARGUMENT**

**POINT I**

**PLAINTIFFS' REQUEST FOR REVIEW WAS
UNTIMELY WITHOUT CAUSE**

**A.    Plaintiffs' Cherry-Picked Authorities are Inapplicable**

Plaintiffs incorrectly argue that New York Civil Practice Law and Rules ("CPLR") CPLR § 2103(b)(6) renders their service timely because, pursuant to this N.Y. state regulation, service by electronic means is complete at the time of transmission, provided the receiving party consented to electronic service. Pl. Opp., at 2. Plaintiffs rely on an inapplicable authority. The cited subsection (b)(6) applies to service by "overnight delivery service," _not_ to the electronic service at issue here and is thus irrelevant to plaintiffs' argument.

Moreover, the IDEA delegates service requirements for administrative proceedings to New York state law _other_ than the CPLR. _See_ 20 U.S.C. § 1415(g-i); N.Y. Educ. Law § 4404(2). Accordingly, N.Y. Educ. Law, _see generally_ N.Y. Educ. Law §§ 4401 _et seq._, and 8 N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") §§ 200.5(i)-(k) govern the appeals of IHO decisions. _See_ 8 NYCRR 200.5§(k)(1). ("Any party aggrieved by the findings of fact and the decisions of an impartial hearing officer rendered in accordance with subdivision (j) of this section may appeal to a State review officer of the State Education Department. **Such a review shall be initiated and conducted in accordance with the provisions of Part 279 of this Title**. ") (emphasis added). Part 279 explicitly states that: "Service shall be complete **upon delivery** to the party being served." 8 NYCRR § 279.4(d) (emphasis added). Contrary to Plaintiffs' assertions, the CPLR does not govern the procedural requirements of the IDEA's administrative process in New York State. _See also Hyde Park Cent. Sch. Dist. v. Peter C. by Sharon C._, 93 Civ. 0250 (RPP)**,** 1994 U.S. Dist. LEXIS 2266, *15 (S.D.N.Y. Feb. 28, 1994) ("CPLR § 2103 governs the service of documents in civil actions and is

inapplicable in administrative proceedings."); *Fiedelman v. N.Y. State Dep't of Health*, 58 N.Y.2d 80, 82 (1983) (holding the CPLR only applies to pending actions, which do not include administrative proceedings); *Matter of Gillard v. Annucci*, 175 A.D.3d 768, 769 (3rd Dept. 2019) (noting that the CPLR does not apply to administrative proceedings); *De Milt v. Tax Appeals Tribunal*, 232 A.D.2d 824, 824 (3rd Dept. 1996) (noting same); *Matter of Cangemi v. Beddoe*, 2015 NY Slip Op 31841(U), ¶ 10 (Sup. Ct.) (noting same); *Matter of Maye v. N.Y.C. Dep't of Educ.*, 2009 NY Slip Op 31815(U), ¶ 5-6 (Sup. Ct.) ("[The CPLR] does not apply to service of papers in an administrative proceeding."); *Matter of Addoo v. N.Y.C. Dep't of Educ.*, 2009 NY Slip Op 32534(U), ¶ 6 (Sup. Ct.) ("Courts have found that [CPLR 2103] applies only when papers are served in a pending action or special proceeding, however, and not in an administrative proceeding") (internal quotations omitted).

Plaintiffs also argue that the common law mailbox rule should excuse their untimeliness. Pl. Opp., at 1-2. "[T]he mailbox rule, which is a rebuttable, common-law presumption that a piece of mail, properly addressed and mailed in accordance with regular office procedures, has been received by the addressee." *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019).

This has no bearing on the issue at hand because the parties do not contest actual receipt, but timeliness. DOE does not dispute that they received the Request for Review ("RFR"); they correctly dispute timeliness of the appeal's receipt. If Plaintiffs' argument is that the mailbox rule allows Plaintiffs to presume receipt of the RFR at 11:59 on December 11 – which it should not – this argument would still not rectify the untimeliness of the remaining and required appellate documents, including the 3-day late Notice of the RFR. Defendant's Response To Plaintiffs' Local Civil Rule 56.1 Statement And Statement Of Additional, at ¶¶ mm, nn; ("Statement of Facts"); ECF No. 1-3, at 7; Statement of Facts ¶¶ bb, cc; R: P67-69; R: P48; R: SD8. *See also* 8 NYCRR

§ 279.4(a) ("A party seeking review (petitioner) shall personally serve **a notice of request for review** and a request for review upon the opposing party (respondent) within 40 days after the date of the decision of the impartial hearing officer sought to be reviewed.") (emphasis added).

Plaintiffs' references to federal common law, the Federal Rule of Civil Procedure, and unspecified case law, Pl. Opp., at 2, also does not obviate the statutory structure explained above. Random references to authorities that might support Plaintiffs' position without any explanation as to why these authorities would apply within the structure of IDEA administrative proceedings are meritless. Such distractions cannot conceal that Plaintiffs fail to address the statutory scheme actually applicable to this matter. *See supra*, at 2; 8 NYCRR § 279.4.

Accordingly, the N.Y.C.R.R. continues to control, and Plaintiffs have not and cannot purport compliance.

**B.      Plaintiffs' Lateness Should not Be Excused**

Plaintiffs argue that "the SRO elevated form over substance." Pl. Opp., at 3. However, even an arguably strict application of the procedural requirements does not render the SRO's decision arbitrary or capricious.[1]

This decision was not arbitrary and capricious. The SRO's well-reasoned decision, which considered the foreseeability of the circumstances that led to the untimeliness and that Plaintiffs essentially admitted the RFR was untimely, should be upheld. *See* R: SD1-9.

Moreover, Plaintiffs misleadingly describe the procedurally deficient appeal as a matter of a "minor technical defect[.]" Pl. Opp., at 3. This is not the case. Other necessary appellate

---

[1] Plaintiffs incorrectly describe the standard this Court should apply as abuse of discretion. *See* Pl. Opp., at 3 ("The SRO abused its discretion by rigidly applying the procedural rule when there has been no prejudice to the DOE."). The correct standard is whether the SRO's dismissal of the appeal as untimely was arbitrary and capricious. *See e.g.*, *Grenon v. Taconic Hills Cent. Sch. Dist.*, No. 05-CV-1109, 2006 U.S. Dist. LEXIS 91450, 2006 WL 3751450, at *5 (N.D.N.Y. Dec. 19, 2006).

documents arrived even latter than the RFR. The Memorandum of Points and Authorities and Proof of Service were not served until fifteen matters later. Statement of Facts ¶ bb; R: P65. The Notice of Request for Review was not served until December 14, 2025, three days past the time to appeal expired. Statement of Facts ¶¶ bb, cc, nn; R: P67-69. Plaintiffs attempt to justify this untimeliness only in passing, expressing that it was their subjective belief that Defendants had accepted the 3-day late Notice. "The DOE [] accepted the missing notice of review." Pl. Opp., at 3.

Aside from its blatant untimeliness, the appeal contained other fatal procedural defects. N.Y.C.R.R. § 279.13 explicitly requires that the reasons for failing to timely serve an appeal must be set forth in the RFR, but Plaintiffs did not do so. Even after Plaintiffs continued to submit further late documents following the midnight deadline, they included no reason for the delay and, by their own admission, they did not contact the SRO. Compl. ¶ 31; Statement of Facts ¶ ee. In light of the multiple procedural failures, "it cannot be said that the SRO erred in dismissing the petition as untimely." *Keramaty on behalf of R.M.K. v. Arlington Cent. Sch. Dist.*, No. 05-CV-6, 2006 U.S. Dist. LEXIS 101323, 2006 WL 8461781, at *14 (S.D.N.Y. Jan. 25, 2006) (SRO properly dismissed appeal where plaintiff did not provide SRO with an explanation for one-day delay in filing).

Plaintiffs' repeated insistence that there was no prejudice is also unavailing. A showing of prejudice is not a requirement for dismissal of an appeal due to untimeliness. *B.C. ex rel B.M. v. Pine Plains Cent. Sch. Dist.*, 971 F. Supp. 2d 356, 367 (S.D.N.Y. 2013) ("[T]hough the SRO, in its discretion, might consider whether a party has suffered prejudice, the regulations require a showing of good cause to excuse untimeliness — and here, Plaintiff provided none."); *R.S. v. Bedford Cent. Sch. Dist.*, 899 F. Supp. 2d 285, 291 (S.D.N.Y. 2012) ("Most notably, [Plaintiffs] cite no case in which a late service was excused without any showing of good cause whatsoever

5

— a showing the statute explicitly requires."). *See also M.G. v. Rye City Sch. Dist.*, No. 23-CV-9742 (CS), 2025 WL 343617, 2025 U.S. Dist. LEXIS 17245 (S.D.N.Y. Jan. 30, 2025).

Plaintiffs cite only to *J.D. ex rel. A.P. v. N.Y. City Dep't of Educ.*, 14 Civ. 9424 (ER), 2015 U.S. Dist. LEXIS 155059 (S.D.N.Y. Nov. 17, 2015) for the proposition that minor procedural errors must be forgiven. Along with this decision later being reversed by the Circuit on the merits of the underlying IEP, Plaintiffs' logic contains a similar flaw as in their moving papers. There, the issue was whether or not the procedural error deprived the student of a FAPE. *Id.* at \*26. As explained in Defendants' moving papers, *see* ECF No. 35, at 10-11, a Court may require a showing of an actual deprivation of FAPE based solely on a minor procedural error. However, the same rule is not true for the timing of administrative appeals. Plaintiffs can repeat ad nauseam that Defendants, allegedly, suffered no prejudice due to the appeal's untimeliness. Any prejudice is not the controlling factor for following timing requirements.

**C.    DOE did not Consent to Late Service**

Plaintiffs repeat their baseless argument that DOE waived procedural arguments due to the appeal's untimeliness. Instead of citing to any case law that would exemplify a similar instance where a simple professional email exchange constituted waiver by conduct, Plaintiff simply references "DOE's consent" and repeats in a conclusory manner "waiver by conduct precludes technical objections." Pl. Opp., at 7. Plaintiffs do not contend with the legal definition of waiver in this circuit – that is, by clear and unequivocal conduct. *U.S. D.I.D. Corp. v. Windstream Communs., Inc.*, 775 F.3d 128, 136 (2d Cir. 2014) (noting waiver by conduct should never be inferred lightly); Defendants' Moving Papers, ECF No. 35, at 12. Plaintiffs adamantly insist they believed they were in the clear concerning their untimeliness. However, Plaintiffs' subjective belief of what Defendants' actions meant, when the record does not support an objective understanding of that same conduct, is irrelevant.

6

Indeed, Plaintiffs' insistence that they took immediate corrective action is belied by the record. Plaintiffs did not confirm with Defendants that they would accept untimely service, contact the SRO, and, as noted above, gave no explanation for the untimeliness as required. N.Y.C.R.R. § 279.13. Plaintiffs' waiver argument simply serves as an excuse for not only their untimeliness but also their failure to meaningfully account for and mitigate that untimeliness.

### D.    Plaintiffs' Remaining Arguments are Meritless

Any allegations concerning DOE's timeliness or untimeliness in unrelated proceedings is irrelevant to this matter and not part of the record. Pl. Opp., at 7. The equitable tolling argument remains convoluted and inapplicable to this scenario. *See e.g.*, Pl. Opp., at 9. Plaintiffs argue "extraordinary circumstances" without attempting to explain how computer troubles and the typical professional exchanges amounts to extraordinary circumstances. *Id.* More to the point, Plaintiffs never raised the affirmative defense of equitable tolling during the administrative proceeding, therefore waiving the defense. *R.B. ex rel. A.B. v. Department of Educ. of City of N.Y.,* No. 10 Civ. 6684, 2011 WL 4375694, 2011 U.S. Dist. LEXIS 106273, at *5-7 (S.D.N.Y. Sept. 16, 2011) (considering IDEA's statute of limitations to be an affirmative defense and noting that "a party's failure to raise an argument during administrative proceedings generally results in a waiver of that argument[.]"). Finally, repetition of the purported goals of the IDEA, Pl. Opp., at 7, does not obviate adhering to that same statute's and its implementing regulations' procedural requirements.

The SRO's well-reasoned decision to dismiss the petition for untimeliness was not arbitrary and capricious, and should be upheld. Thus, it is respectfully submitted that this Court lacks jurisdiction to hear these claims and summary judgment should be granted for Defendants.

**CONCLUSION**

Based on the foregoing and Defendant's previously submitted papers, Defendant respectfully requests that Defendant's Cross-Motion for Summary Judgment be granted, that Plaintiff's Motion for Summary Judgment be denied, that Plaintiffs' Complaint be dismissed in its entirety, and that Defendant be granted such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            July 9, 2025

                              MURIEL GOODE-TRUFANT
                              Corporation Counsel of the City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-302b
                              New York, N.Y. 10007
                              Tel: (212) 356-2624
                              jdoll@law.nyc.gov


                    By:     /s/ Jordan Doll
                            Jordan Doll
                            Assistant Corporation Counsel