UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

M.K. and S.H., on behalf of minor K.H.,

        Plaintiffs,

   -v-                            No.  24-CV-4900-LTS

NEW YORK CITY DEPARTMENT OF
EDUCATION,

        Defendant.

--------------------------------------------------------x

## I.     MEMORANDUM ORDER

Plaintiffs M.K. and S.H. ("Plaintiffs"), on behalf of their minor child K.H., bring this action against Defendant New York City Department of Education (the "DOE") under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. (the "IDEA").

Plaintiffs appeal a decision by a State Review Officer ("SRO") of the New York State Education Department which dismissed Plaintiffs' administrative appeal of an Impartial Hearing Officer's ("IHO") decision on procedural grounds.  Because the SRO dismissed the appeal for failure to timely initiate the appeal process, the SRO did not reach the merits of Plaintiffs' underlying claim seeking tuition reimbursement for K.H.'s unilateral placement at a private school during the 2022-2023 school year.

Plaintiffs seek to invoke this Court's jurisdiction under 20 U.S.C. § 1415(i)(2)(A).  The parties have each moved for summary judgment.  (See docket entry nos. 31 ("Plaintiffs' Motion for Summary Judgment"), 34 ("Defendant's Cross-Motion for Summary Judgment")).

The Court has reviewed thoroughly all the parties' submissions, including the administrative record.  (Docket entry nos. 28, 28-1 through -7.)  For the reasons set forth below, Plaintiffs' Motion is denied, and Defendant's Cross-Motion is granted.

II.    BACKGROUND

A.    The IDEA's Administrative Framework in New York

The IDEA requires all states receiving federal funds to provide children with disabilities a free appropriate public education ("FAPE").  20 U.S.C. § 1412(a)(1)(A).  The "centerpiece" of this requirement is the development of an individualized education program ("IEP") for each child.  Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 297 F.3d 195, 197 (2d Cir. 2002); 20 U.S.C. § 1414(d).  New York regulations establish a two-tiered system of administrative review for disputes regarding the provision of a FAPE, the adequacy of an IEP, or any other matter regarding the identification, evaluation, or educational placement of a student with a disability.  B.C. ex rel. B.M. v. Pine Plains Cent. Sch. Dist., 971 F. Supp. 2d 356, 360 (S.D.N.Y. 2013).  Pursuant to this state review process, parents must first file a due process complaint and undergo an "impartial due process hearing" before an IHO.  20 U.S.C. § 1415(f)(1)(A); N.Y. Educ. L. § 4404(1)(a).  A party aggrieved by an IHO's decision must then seek review of that decision by an SRO.  20 U.S.C. § 1415(g); N.Y. Educ. L. § 4404(2).

When pursuing an appeal of an IHO decision to an SRO in New York, parties must comply with the procedures set forth in New York Codes, Rules, and Regulations ("NYCRR") § 279.4.  Parties must initiate that appeal process by "personally serv[ing] a notice of request for review and a request for review upon the opposing party (respondent) within 40 days after the date of the [IHO's] decision."  8 NYCRR § 279.4(a).  Service of these documents "shall be complete upon delivery to the party being served."  8 NYCRR § 279.4(d).  A party

seeking relief from an IHO decision must serve the request for review upon the opposing party before filing it with the Office of State Review of the State Education Department.  8 NYCRR § 279.4(e).

A party's failure to timely initiate an appeal of an IHO's decision to an SRO can have profound downstream consequences.  Under the governing state regulations, "[a] State Review Officer may dismiss sua sponte a late request for review or, in his or her sole discretion, may excuse a failure to timely serve or file a request for review within the time specified for good cause shown."  8 NYCRR § 279.13.  An untimely appeal to an SRO can also preclude relief upon claims subsequently filed in federal court because the IDEA "requires that any available administrative remedies be exhausted before a lawsuit is filed in federal court." Ventura de Paulino v. New York City Dep't of Educ., 959 F.3d 519, 530 (2d Cir. 2020).  A party who "fails to timely serve the respondent" with a request for review without good cause "has failed to satisfy the exhaustion requirement," B.C., 971 F. Supp. 2d at 365, which in turn "deprives the court of subject matter jurisdiction," Simmons v. Murphy, No. 23-288-CV, 2024 WL 2837625, at *3 (2d Cir. June 5, 2024).  In such circumstances, courts "must dismiss the action."  Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 250 (2d Cir. 2008) (emphasis in original) (quoting Fed. R. Civ. P. 12(h)(3)).

B.    Factual and Procedural History

The following facts are drawn from the administrative record and are uncontested unless stated otherwise.  K.H. is classified as a child with an emotional disability and has a "long-standing history of significant emotional dysregulation which has interfered with her ability to attend school," including multiple hospitalizations.  (Docket entry no. 28 (at pages

12-20, "SRO Dec.") at 14; docket entry no. 4 ("Compl.") ¶ 12.)[1]  In June 2022, Plaintiffs

unilaterally placed K.H. at a private residential school in North Carolina for the 2022-2023

school year, and they subsequently filed a due process complaint seeking private school tuition

reimbursement from the DOE.  (SRO Dec. at 14.)

Following an impartial hearing, an IHO issued a decision on October 31, 2023.

(Docket entry no. 28 at 21.)  The IHO assessed the merits of Plaintiffs' claims and found that the

parents had failed to meet their burden of showing that their unilateral private placement was

appropriate, so the IHO denied Plaintiffs' request for tuition reimbursement.  (SRO Dec. at

15-16.)

Under New York regulations, the 40-day deadline for Plaintiffs to initiate the

SRO appeal process by serving the DOE with a verified request for review fell on Monday,

December 11, 2023.  (Id. at 18.)  At 11:59 PM on that day, Plaintiffs' counsel sent an email to

the DOE attaching the Request for Review, one of the required components of a verified request

for review.  (Id.)  However, the DOE's server did not receive the email until 12:00:07 AM on

December 12, 2023.  (Id.)  Counsel sent a second email containing a legal memorandum and the

proof of service at 12:15 AM.  (Id.)  In subsequent communications, Plaintiffs' counsel

explained that she had been experiencing scanner and computer problems leading up to the

deadline.  (Id.)

Several days later, Plaintiffs' counsel apparently realized that she had

"inadvertently left off" the "Notice of Request for Review," the other required component of a

verified request for review, from her prior submissions.  (Id. at 19.)  On December 14, 2023—

three days after the 40-day deadline—she emailed the missing notice to DOE attorneys and

---

[1]     Pincite citations refer to a document's ECF-designated page numbers.

M.K. – CROSS-MSJs                        MARCH 30, 2026                                4

"ask[ed] as a professional courtesy if [they] [would] accept service."  (Id. at 18-19; docket entry no. 4-9 ("Late Service Req."))  A DOE attorney replied to the email, stating: "Thanks Ms. Tavares.  Received, but Mr. Forbes is still going to represent DOE on appeal."  (SRO Dec. at 19; Late Service Req.)

In a decision dated February 28, 2024, SRO Steven Krolak dismissed Plaintiffs' appeal for failure to effectuate timely service upon the DOE, without assessing the merits of the IHO decision.  (SRO Dec. at 20.)  The SRO's decision rested on three grounds.  First, citing 8 NYCRR § 279.4(d), the SRO found that service of a request for review is complete only upon "delivery," which in this case occurred after midnight of the fortieth day, rendering the appeal untimely.  (Id. at 19.)  Second, the SRO noted that the appeal was incomplete until the missing notice was served three days later, compounding the untimeliness.  (Id.)  Third, the SRO declined to excuse Plaintiffs' untimeliness, concluding that Plaintiffs' counsel's last-minute technological difficulties were foreseeable and did not create "good cause" under 8 NYCRR § 279.13 that could excuse the delay.  (Id.)

Plaintiffs then filed this action, seeking review and reversal of the SRO's procedural dismissal.  (Compl. ¶ 1.)

### III.    DISCUSSION

A motion for summary judgment in an IDEA action is not a traditional summary judgment inquiry; rather, it requires the district court to decide the case as "an appeal from an administrative determination."  Khanimova v. Banks, No. 23-CV-4124-JPO, 2024 WL 2093470, at *2 (S.D.N.Y. May 9, 2024).  Where, as here, an SRO decision rests on procedural grounds, a federal court will uphold an SRO's procedural decision unless it is "arbitrary and capricious."  Avaras v. Clarkstown Cent. Sch. Dist., No. 18-CV-6964-NSR, 2019 WL 4600870, at *10

(S.D.N.Y. Sept. 21, 2019); see also B.C., 971 F. Supp. 2d at 365.  A decision is arbitrary and capricious if the SRO failed to consider the "relevant factors" or committed "a clear error of judgment."  Avaras, 2019 WL 4600870, at *11 (quoting State of N.Y. Dep't of Soc. Servs. v. Shalala, 21 F.3d 485, 492 (2d Cir. 1994)).  This standard affords "considerable deference" to the SRO's discretionary decisions regarding the procedural rules governing state administrative procedures.  Id.

Upon careful consideration, the Court finds that SRO Krolak's decision is not tainted by any clear error of judgment or incorrect application of the relevant state regulations.

First, the SRO correctly concluded that Plaintiffs' request for review was untimely under the relevant state regulations.  Although Plaintiffs' counsel initiated the transmission of the request for review at 11:59 PM on the fortieth day of the filing period, the email was not delivered to the DOE's servers until 12:00:07 AM on the forty-first day.  This meant that Plaintiffs failed to timely serve their request for review on the DOE, as the SRO correctly concluded.  (SRO Dec. at 19); see also 8 NYCRR § 279.4(a) (requiring service "within 40 days after the date of the decision of the impartial hearing officer" (emphasis added)).

The SRO correctly identified a second procedural defect that compounded the delay.  An appealing party must serve both a "notice of request for review and a request for review."  8 NYCRR § 279.4(a).  Plaintiffs' initial submission omitted the required Notice of Request for Review, which Plaintiffs did not serve on the DOE until December 14, 2023, three days past the deadline.  (SRO Dec. at 19.)  Consequently, the SRO correctly concluded that the complete request for review was not served on the Department until several days after the regulatory filing deadline had passed.  (Id.)

The SRO did not commit a "clear error of judgment" in applying the relevant regulations to uncontested facts.  See Avaras, 2019 WL 4600870, at *11.  Courts in this Circuit have upheld SRO dismissals predicated on delays of the same duration and ultimately dismissed cases based on a failure to exhaust administrative remedies that deprived the court of subject matter jurisdiction.  See, e.g., Kelly ex rel. M.K. v. Saratoga Springs City Sch. Dist., No. 09-CV-276-GLS-RFT, 2009 WL 3163146, at *5 (N.D.N.Y. Sept. 25, 2009) (upholding SRO's dismissal of an appeal filed three days late).

Second, the SRO did not act arbitrarily and capriciously by declining to find good cause to excuse Plaintiffs' untimely appeal.  Courts in this Circuit narrowly define "good cause" in the context of untimely SRO appeals to require an event over which "the filing party had no control," such as a postal service error.  Polanco v. Porter, No. 21-CV-10927-MKV, 2023 WL 2751340, at *5 (S.D.N.Y. Mar. 31, 2023).  Conversely, delays resulting from errors within counsel's control, including clerical mistakes or technical difficulties, generally do not satisfy the good cause standard.  E.g., id.; Rutherford v. Fla. Union Free Sch. Dist., No. 16-CV-9778-KMK, 2019 WL 1437823, at *20 (S.D.N.Y. Mar. 29, 2019).

Here, Plaintiffs' counsel justified her untimely service of the appeal by pointing to scanner and computer difficulties she experienced in the minutes before the filing deadline.  (SRO Dec. at 19; docket entry no. 31 ("Pls. Mem.") at 20-21.)  The SRO determined that such technological glitches are "entirely foreseeable" and that, by waiting until the "literal last minute" to attempt service, Plaintiffs' counsel assumed the risk that such issues or delays might arise.  (SRO Dec. at 19.)  This reasoning is consistent with decisions in this Circuit narrowly interpreting the good cause exception.  Rutherford, 2019 WL 1437823, at *20 (finding that "technical difficulty with ECF" did not constitute "circumstances beyond Plaintiffs' control");

Polanco, 2023 WL 2751340, at *5.  Accordingly, the SRO did not exercise his discretion in an arbitrary and capricious manner by declining to find good cause to excuse Plaintiffs' untimely service of appeal.  See 8 NYCRR § 279.13.[2]

Third, Plaintiffs fail to persuade the Court that the DOE waived its timeliness defense.  (See Pls. Mem. at 24.)  Waiver is the "intentional relinquishment of a known right" and requires a "clear and unequivocal" act.  U.S. D.I.D. Corp. v. Windstream Commc'ns., Inc., 775 F.3d 128, 136 (2d Cir. 2014) (citations omitted).  No such clear and unequivocal act occurred here.

Plaintiffs contend that the DOE waived its timeliness defense because a DOE attorney "accepted service" of the late Notice of Request for Review.  (Pls. Mem. at 25; see also SRO Dec. at 19.)  This is not an accurate characterization of the factual record.  While it is true that Plaintiffs' counsel asked the DOE to accept late service "as a professional courtesy" (Late Service Req.), the DOE attorney did not agree to do so.  Instead, the DOE attorney replied: "Received, but Mr. Forbes is still going to represent DOE on appeal."  (Id.)  A plain reading of these emails shows that the DOE attorney responded "Received" merely to acknowledge receipt. This language is certainly not so clear and unequivocal as to waive a dispositive procedural defense on behalf of the entire DOE.  See U.S. D.I.D. Corp., 775 F.3d at 136.  This is particularly true where, as here, the attorney who sent the acknowledgment informed Plaintiffs' counsel that another attorney would be handling the appeal.  (Late Service Req.)  Because the

---

[2]    The SRO also correctly rejected Plaintiffs' request for leave to cure the error due to lack of prejudice to Defendants.  (See docket entry no. 28, at 115.)  Plaintiffs cited no authority demonstrating that a finding of no prejudice would enable an SRO to excuse an untimely request for review where, as here, there was no "good cause shown" for the delay.  See NYCRR § 279.13.

facts do not support the finding of a waiver, the SRO did not act arbitrarily and capriciously by dismissing the appeal on the timeliness grounds properly raised by the DOE in its answer.

In sum, because the SRO decision was not arbitrary and capricious, the Court must uphold the SRO's dismissal of Plaintiffs' untimely appeal.  Plaintiffs have thus failed to satisfy the IDEA's exhaustion requirement.  See B.C., 971 F. Supp. 2d at 365.  Because "the exhaustion of administrative remedies under the IDEA is a 'jurisdictional prerequisite' of the statute," Plaintiffs' failure to initiate their appeal to the SRO in a timely manner "deprives" the Court of subject matter jurisdiction of their IDEA claims.  See Ventura de Paulino, 959 F.3d at 530 (citation omitted).  Under binding Second Circuit precedent, the Court "must dismiss [this] action."  See Cave, 514 F.3d at 250.  Accordingly, Plaintiffs' Motion is denied, and Defendant's Cross-Motion is granted.

IV.    CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction of this action.  The Court therefore denies Plaintiffs' Motion for Summary Judgment and grants Defendant's Cross-Motion for Summary Judgment.  This Memorandum Order resolves docket entry nos. 31 and 34.  The Clerk of Court is respectfully requested to enter

judgment for Defendant, dismissing the case for lack of subject matter jurisdiction, and close this case.

SO ORDERED.

Dated: New York, New York
       March 30, 2026

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge